HOOD, Judge.
Plaintiffs, Mr. and Mrs. Ernest M. Wiley, instituted this action for damages for personal injuries sustained by Mrs. Wiley when a bottle of Coca Cola is alleged to have exploded. The suit was instituted against J. Weingarten, Inc., and against Travelers Indemnity Company, the latter being the insurer of the Louisiana Coca Cola Bottling Co., Ltd. Judgment on the merits was rendered by the trial court in favor of plaintiffs and against Travelers, but plaintiffs’ demands against Weingarten were rejected. Travelers has appealed.
*139 The accident which precipitated this suit occurred on Saturday evening, April 2, 1966, in a grocery store owned and operated by defendant Weingarten in Lake Charles. Plaintiffs were engaged in purchasing groceries in the store at that time. Mrs. Wiley was standing in an aisle or passageway near the front part of the store. A display of cookies, pies and cakes was located on one side of this passageway, and on the other side there were located shelves or a rack on which bottles of Coca Cola and other soft drinks were stored and displayed for sale. While Mrs. Wiley was in that aisle of the store a bottle of Coca Cola broke or exploded near her, and a piece of glass from the bottle struck Mrs. Wiley on her left leg, just above the ankle, causing a laceration of the leg at that point.
Plaintiffs allege that the accident was caused by the negligence of both the storekeeper and the supplier of the bottle which broke or exploded. They contend that the storekeeper, Weingarten, was negligent in failing to properly store the Coca Cola bottles and in tampering with them and causing them to become defective. They maintain that the supplier of the bottle, the Louisiana Coca Cola Bottling Company, must be held to be negligent under the doctrine of “res ipsa loquitur,” and that its insurer, Travelers, thus is liable in damages.
The Coca Cola Bottling Company maintained the display of Coca Colas in the store. It replenished the stock of soft drinks every Friday afternoon, and it, in fact, had restocked this rack with bottled drinks the day before this accident occurred. The employees of the storekeeper exercised no control over the display of Coca Colas other than to straighten up the cartons occasionally when it appeared to be necessary for that to be done. No evidence was presented indicating that the storekeeper had tampered with the Coca Cola bottles or had caused them to be defective. The trial judge concluded that the storekeeper, J. Weingarten, Inc., was free from negligence, and judgment thus was rendered rejecting plaintiffs’ demands against that defendant. We find no error in that portion of the trial court’s judgment.
The trial judge' also concluded that the doctrine of “res ipsa loquitur” is applicable as to the supplier of the bottled drink which broke, and that “The Coca Cola Company has not borne the burden of vindicating itself from a defective bottle or one that may have been’ over pressurized.” On the basis of that finding judgment was rendered in favor of plaintiffs and against the insurer of the bottling company. We are unable to agree with the finding of the trial judge that the bottling company has failed to vindicate itself from a presumption of negligence.
Where a bottled drink explodes causing injury to the plaintiff, and it is shown with reasonable certainty that the bottle was not tampered with and all reasonable possibility of accidental breaking from an external cause has been eliminated, then unless some other satisfactory explanation is produced a presumption arises that the occurrence resulted from an inherent defect in the bottle or from an improper charging or mixture of the contents. Ortego v. Nehi Bottling Works, 199 La. 599, 6 So.2d 677 (1942); LaFleur v. Coca-Cola Bottling Company of Lake Charles, Inc., 195 So.2d 419 (La. App. 3d Cir. 1966, writ refused, 250 La. 488, 196 So.2d 802, 1967); Naquin v. Baton Rouge Coca-Cola Bottling Co. Ltd., 182 So.2d 691 (La.App. 1st Cir. 1965, cert. denied); Gabriel v. Royal Products Div. Of Washington Prod., 159 So.2d 384 (La. App. 4th Cir. 1964); Bonura v. Barq’s Beverages of Baton Rouge, 135 So.2d 338 (La.App. 1st Cir. 1961); Johnson v. Louisiana Coca-Cola Bottling Co., 63 So.2d 459 (La.App.Orl.Cir. 1953); Boucher v. Louisiana Coca-Cola Bottling Co., 46 So.2d 701 (La.App.Orl.Cir. 1950); Meyers v. Alexandria Coca-Cola Bottling Co., 8 So.2d 737 (La.App. 1st Cir. 1942); Lanza v. DeRidder Coca Cola Bottling Co., 3 So.2d 217 (La.App. 1st Cir. 1941); Auzene v. Gulf Public Service Co., 188 So. 512 (La. *140 App. 1st Cir. 1939); Auzenne v. Gulf Public Service Co., 181 So. 54 (La.App. 1st Cir. 1938).
If the evidence establishes that the bottle fell or was dropped, or that it was knocked over or struck at or about the time it exploded or broke, then the fall or the blow will be considered to be the cause of the breaking and no presumption will arise that the occurrence was caused by a defect in the bottle or an improper mixture of the contents. Piacun v. Louisiana Coca-Cola Bottling Co., 33 So.2d 421 (La.App. Orl.Cir. 1948); Monroe v. H. G. Hill Stores, 51 So.2d 645 (La.App.Orl.Cir. 1951).
The doctrine of res ipsa loquitur will not be applied where the evidence discloses that the injury might have occurred by reason of the concurrent negligence of two or more persons or causes, one of which was not under the management and control of the defendant. Larkin v. State Farm Mutual Automobile Ins. Co., 233 La. 544, 97 So.2d 389 (1957); Pilie v. National Food Stores of Louisiana, 245 La. 276, 158 So.2d 162 (1963); and James v. Childs, Division of Kroger Company, 166 So.2d 77 (La.App. 3d Cir. 1964).
In the instant suit there were no eye witnesses to the accident other than Mrs. Wiley, the injured plaintiff. She testified that she went to the passageway where the accident occurred to purchase some cookies, and that while she was facing the cookie counter, with her back to the soft' drink rack, she heard a bottle explode behind her. She stated that she began to bat her eyes, presumably because she thought she had .gotten something in them, and then she noticed that the front lateral side of her left leg, just above the ankle, had been cut by glass from the broken bottle. She stated that she does not know where the bottle was when it exploded, whether it was on a shelf or on the floor, but that after she heard the explosion she turned around and saw a broken bottle on the floor near her feet. In addition to the broken bottle, she also saw two or three unbroken bottles of Coca Cola lying on the floor by the remains of the broken one, and she noticed that a liquid which she concluded was Coca Cola had spilled on the floor around these bottles. She testified that no liquid of any kind was blown or splashed on her dress, and she saw no liquid, broken glass or debris on any of the shelves or on the rack where the soft drinks were stored. She denies that she was facing the Coca Cola rack or that she had touched a bottle or carton of soft drinks immediately before the accident occurred.
The testimony of Mr. Wiley conflicts to some extent with that of his wife. He stated that he thought Mrs. Wiley went to that part of the store for the purpose of buying bottles of Coca Cola, that he was about 10 or 12 feet from her at the time, that he could see her head although the rest of her body was concealed from his view by the cookie counter, and that he noticed that she was facing the Coca Cola rack when the accident occurred. Hillary J. Broussard, a clerk in the store, testified that when he arrived at the scene a moment after the bottle broke, Mrs. Wiley told him “that she had picked up a carton of Coca Cola, and a bottle had fell off and burst.”
None of the witnesses, including plaintiffs, found any broken glass or liquid Coca Cola spilled on a shelf or on the rack where bottles of soft drinks were being displayed. We think some pieces of broken glass and some of the liquid contents of the bottle would have been found on a shelf or on the rack if the bottle actually had not been disturbed but had simply exploded while it was on the display rack. Also, none of the witnesses, including plaintiffs and the employees of the store, saw any soft drink bottles on the. floor of the passageway before the accident occurred. The evidence is uncontradicted that immediately after it occurred a broken bottle, some of its liquid contents and two or three other unbroken bottles were found *141 on the floor of the passageway. We think the evidence establishes that the bottle did not explode while it was on the display rack, but instead that several bottles of Coca Cola fell or were dropped from the rack and one of them broke when it struck the floor.
Dr. Wilson D. Morris, who was Mrs. Wiley’s treating physician, testified that the laceration of her ankle was about three and a half or four centimeters in length, that it was located on the “antero-lateral” aspect of the ankle, starting approximately at the midline or tip of the tibia, and extending over toward the lateral side of the ankle. Mrs. Wiley also testified that the cut was on the “front-lateral side of the leg.” The fact that the front or anterior portion of her ankle was cut indicates that Mrs. Wiley was facing the Coca Cola rack instead of having her back to it, and it tends to support the statement of a clerk in the store that she told him that she had picked up a carton of Coca Cola and a bottle had fallen and broken.
In our opinion, the evidence preponderates to the effect that the bottle fell from the rack to the floor, and that the fall caused it to break. We think this is a satisfactory explanation of the cause of the accident, and thus no presumption arises that the occurrence resulted from an inherent defect in the bottle or from an improper charging or mixture of the contents. Our conclusion is that the trial judge erred in finding that under the facts presented here a presumption arose that the bottle was defective or that its contents had been over pressurized.
For the reasons herein set out, the judgment appealed from is affirmed insofar as it rejects plaintiffs’ demands against defendant, J. Weingarten, Inc., and it is reversed insofar as it condemns defendant, Travelers Indemnity Company, to pay damages to plaintiffs. Judgment is hereby rendered in favor of defendant, Travelers Indemnity Company, and against plaintiffs, rejecting plaintiffs’ demands against that defendant, and dismissing this suit at plaintiffs’ costs. The costs of this appeal are assessed to plaintiffs-appellees.
Affirmed in part; and reversed in part.