HOOD, Judge.
Eddie Jenkins instituted this action for damages for personal injuries sustained by him when the automobile in which he was riding as a guest passenger was involved in a three car collision. The suit was instituted against Travelers Indemnity Company, the insurer of the driver of the automobile in which plaintiff was riding. Judgment was rendered by the trial court in favor of defendant, and plaintiff has appealed.
The issue presented is whether the driver of the host vehicle was negligent, and if so, whether his negligence was a proximate cause of the accident.
The accident occurred at about 4:30 P. M. on April 12, 1969, on Louisiana Highway 71, about eight miles south of the City of Alexandria. The Trade Winds Motel is located on the east side of the highway, and the accident occurred near the point where the driveway leading to that motel joins the highway. It was raining and was foggy at the time the cars collided, and visibility was poor.
Plaintiff at that time was riding as a guest passenger on the front seat of an automobile owned by Corinne Matthews and being driven by Mathew Antoine. Corinne Matthews and Wilbert Vaughan were riding in the rear seat of the car. Shortly before the accident occurred, the Matthews automobile was being driven south on Highway 71. It was in a line of at least five cars, all traveling south, there being two vehicles ahead of the Matthews car and two immediately behind it.
When this line of five vehicles reached a point on the highway near the entrance to the Trade Winds Motel, the lead vehicle made a left turn into the motel driveway. The second car, that being the one which was directly in front of the Matthews automobile, then came to a complete stop to allow the vehicle in front of it to complete the left turn. Antoine thereupon brought his car to a complete stop behind the second vehicle in the line, and a Pontiac automobile which was following Antoine also came to a stop. The fifth or last car in this line of vehicles failed to stop, however, and it collided with the Pontiac, knocking the Pontiac forward and causing it to strike the rear of the Matthews automobile. The last three vehicles in this line of cars thus were the only ones which were involved in the collision. The Matthews car did not strike the vehicle which was ahead of it. All three cars which were involved were in the southbound lane of traffic when the accident occurred. Plaintiff claims that he sustained an injury as a result of that accident.
Plaintiff Jenkins testified that Antoine was driving “pretty fast” as he approached the car ahead of him, that he attempted to overtake and pass it, and that he “whipped back” into the southbound lane of traffic and came to an abrupt stop *505 when he saw that the lead car was making a left turn. He contends that Antoine was negligent in making such a sudden stop, and that his negligence in that respect was a proximate cause of the accident. Antoine was not called as a witness, but the two remaining occupants of the car testified that Antoine was driving at a speed of about 10 miles per hour as he approached the place where the accident occurred, that he did not attempt to pass the vehicle ahead of him, that he did not whip back into his lane of traffic and that he did not bring his car to a sudden stop.
The trial judge concluded that under either version of the accident, the evidence fails to establish negligence on the part of the driver of the Matthews car. We agree with that conclusion, although we think the evidence preponderates to the effect that the accident occurred as related by Corinne Matthews and Wilbert Vaughan.
The applicable rule was stated by our Supreme Court in Burns v. Evans Cooperage Co., 208 La. 406, 23 So.2d 165 (1945), as follows:
“It is the duty of the driver operating an automobile, upon approaching another automobile from the rear while both cars are travelling in the same direction, to exercise a great deal of care. He must look out for the person ahead, realizing that that person is engaged in handling a high-powered machine requiring constant attention and that his lookout is forward and not backward. The driver of the rear car must keep a safe distance behind the front car and must have his machine under such control as to avoid injury to the car ahead or to his own car so long as the driver of the front car is driving in accordance with his rights.”
In the instant case Antoine exercised the degree of care required of him as he approached the rear of the car which was ahead of him. He maintained a proper lookout, he kept a safe distance behind the front car and he brought the vehicle he was driving to a safe stop behind the car which immediately preceded him. The Matthews car did not strike the vehicle ahead of it at any time. The driver of the Pontiac which was following the Matthews car also maintained a proper lookout, and brought that car to a safe stop after Antoine had done so. The driver of the last car, however, obviously was negligent in failing to maintain a proper lookout or proper control of his car, and his negligence in that respect was a proximate cause of the accident.
Plaintiff argues further: (1) That Jenkins was a physically handicapped polio victim, and that for that reason Antoine owed him a greater duty of care than otherwise would have been required; (2) that under the doctrine of res ipsa loquitur, the driver of the Matthews automobile is presumed to have been negligent; and (3) that under the law of equity, and since a guest passenger was injured, the trial court erred in failing to apply the principle of liability without fault, as was recently by statute made applicable to similar claims in the State of Massachusetts.
 We find no merit to any of these arguments. The evidence shows that Antoine exercised the degree of care required of him, despite the fact that plaintiff Jenkins was physically handicapped. The doctrine of res ipsa loquitur is not applicable here, and no presumption of negligence on the part of Antoine arises, because three cars were involved in this collision and the evidence discloses that the injury might have been caused or contributed to by the negligence of someone other than Antoine. Wiley v. J. Weingarten, Inc., 205 So.2d 138 (La.App. 3 Cir. 1968). ■ And, finally, we know of no authority which, under any equitable doctrine, would warrant the application of the principle of liability without fault, as provided in the Massachusetts Statute.
*506 We conclude, as did the trial judge, that Antoine was free from negligence and that plaintiff thus is not entitled to recover from defendant, as the insurer of the driver of the Matthews car.
For the reasons herein set out, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
Affirmed.