421 So.2d 877 (1982)
William ROBERTSON and Vicki C. Robertson
v.
GULF SOUTH BEVERAGE, INC.
No. 82-C-0640.
Supreme Court of Louisiana.
October 18, 1982.
Supplemental Opinion October 29, 1982.
Rehearing Denied November 19, 1982.
*878 D. Bert Garraway, Bart Eaton, R. Bruce Macmurdo, Percy, Macmurdo & Eaton, Baton Rouge, for applicant.
Charles A. O'Brien, III, Franklin, Moore & Walsh, Baton Rouge, for respondents.
BLANCHE, Justice.
This suit arose out of an incident which occurred on April 22, 1978 when a 32 ounce returnable Pepsi-Cola bottle allegedly exploded and caused a serious injury to the wrist and hand of the plaintiff, Vicki C. Robertson. The bottle in question was purchased the day before the incident by plaintiff William Robertson and placed on the floor of the plaintiffs' pantry where it remained until the injury-causing incident the next day. At trial, Vicki testified that she opened the pantry door to retrieve a can of Crisco shortening when she suddenly felt a "sharp sting" in her left wrist and noticed blood spewing from a deep cut. As a result of the injury, which damaged a major nerve innervating her left hand, Vicki has a permanent claw-deformity and a 40 percent disability in the use of the hand. Before the accident, Vicki was employed by the State as a typist.
The critical issue before the trial court was whether the bottle had spontaneously exploded or whether some external blow to the bottle caused the glass to fail. The trial court dismissed the plaintiffs' suit, finding as a matter of fact that the bottle failed as a result of an external blow of significant force and that the bottle did not spontaneously explode due to some internal pressure. The court of appeal affirmed, adopting as its opinion the written reasons assigned by the trial judge. In our opinion, it is not necessary for us to decide whether the bottle exploded spontaneously or whether it exploded as the result of some external force. We find that the mere fact of the explosion under the circumstances of this case made the product unreasonably dangerous for normal use. Accordingly, we reverse.
As products liability law in the area of "exploding bottles" developed, the doctrine of res ipsa loquitur was applied to obviate the need of the plaintiff to prove the details of the manufacturer's negligence. The doctrine afforded the plaintiff with a rebuttable presumption that the explosion resulted from an inherent defect in the bottle or from an improper charging of the contents. However, it was necessary for the plaintiff to show a reasonable certainty that the bottle had not been tampered with and that all reasonable possibility of accidental breaking from an external cause had been eliminated. Ortego v. Nehi Bottling Works, 199 La. 599, 6 So.2d 677 (La.1942); Centineo v. Anheuser-Busch, Inc., 276 So.2d 352 (La. App. 4th Cir.1973); LaFleur v. Coca-Cola Bottling Co. of Lake Charles, Inc., 195 So.2d 419 (La.App. 3rd Cir.), writs denied, 250 La. 488, 196 So.2d 802 (La.1967); cf. other jurisdictions, Groves v. Florida Coca-Cola Bottling Co., 40 So.2d 128 (Fla.1949); Steele v. *879 Royal Crown Cola Bottling Co., 335 So.2d 586 (Fla.App. 3rd Dist.), cert, den., 345 So.2d 426 (Fla.1976). Where it was established that the bottle fell or was dropped, or that it was knocked over or struck at or about the time it exploded or broke, then the fall or the blow would be considered the cause of the explosion and no presumption would arise that the occurrence was caused by a defect in the bottle or its contents. Centineo v. Anheuser-Busch, Inc., supra; Wiley v. Weingarten, 205 So.2d 138 (La. App. 3rd Cir.1968); LaFleur v. Coca-Cola Bottling Co. of Lake Charles, Inc., supra.
This line of cases ignored the fact that it is reasonably foreseeable that these returnable glass bottles might be subjected to minor knocks in the course of normal use. Instead of focusing the inquiry on whether the fact of the explosion under the circumstances of each case made the product unreasonably dangerous for normal use, these cases focused on whether the explosion was brought about by some intervening cause such as the contributory negligence of the plaintiff or the negligence of some other person. We consider that these types of cases are better analyzed under the test set out in Weber v. Fidelity & Casualty Insurance Co., 259 La. 599, 250 So.2d 754 (1971).
In Weber, we focused the inquiry in a products liability case on whether the product was defective. In order to recover from the manufacturer of a product, the plaintiff had to prove, first, that the product was defective, and second, that the defect was the proximate cause of the injury. We held that a product is defective when it is unreasonably dangerous for normal use. 250 So.2d at 755; cf. Restatement of Torts (2nd) § 402A (1965); cf. other jurisdictions, Venezia v. Miller Brewing Co., 626 F.2d 188 (1st Cir.1980); Sochanski v. Sears, Roebuck and Co., 621 F.2d 67 (3rd Cir.1980).
In this case, the evidence was uncontradicted that the Pepsi bottle somehow came apart so violently that a piece of glass severed a major nerve in Vicki's wrist. The principal focus of the defense was on the testimony of defendant's expert witness, who testified that the cause of the explosion was a blow of some force to the side of the bottle. Notably, he could not testify definitively as to the degree of force which was applied.
Vicki testified that she only remembered reaching into the pantry for the can of Crisco which was on the floor in the general vicinity of the Pepsi bottle. She did not see or hear the bottle explode, but only felt a stinging sensation and saw blood spewing from a serious cut. Photographs in the record show that the can was found upright, half-way out of the pantry door. The remains of the bottle lay beside the Crisco can with pieces scattered about. This evidence is consistent, if the record is given a fair reading, with Vicki's testimony that she reached into the pantry to retrieve the can but had to retreat to the sink when struck with a projectile-like piece of glass propelled from the exploding bottle.
It is not necessary for us to engage in fanciful conjecture as to whether or how hard Vicki may have struck the bottle with the Crisco can. A common-sense interpretation of the evidence would lead us to conclude that it is not improbable that Vicki may have struck the bottle with the can as she was removing it. However, that same common-sense approach would have to lead us to conclude that it is highly improbable that she could have struck the bottle hard enough to cause an explosion of sufficient force to cut her so deeply had the bottle not been unreasonably dangerous for normal use.
For these reasons, we find it unnecessary to decide whether the bottle exploded spontaneously or whether it exploded when struck. We do not hold that a person may never be barred from recovery by striking or dropping a bottle with a force sufficient to cause it to explode. The inquiry, in such cases, would always be whether the bottle was in normal use. Since all evidence indicates that her activity was not outside the scope of normal use, Vicki may not be said to have assumed the risk of any injury occurring as a result of the activity.
It is not inconceivable that persons may accidentally strike a bottle with some object *880 or tip the bottle over onto its side during normal use, and we find that the fact of an explosion of the magnitude experienced in this case made this particular bottle unreasonably dangerous. The very essence of the Weber test requires that each case be taken on its own facts. The facts of this case mandate recovery for the plaintiffs.

DECREE
Accordingly, the judgments of the court of appeal and trial court are reversed, and judgment in favor of the plaintiffs, Vicki C. Robertson and William Robertson, is rendered by this court. Because the issue of the quantum of damages was not tried by the trial court, we must remand the case for a determination of those damages. REVERSED AND REMANDED.
MARCUS, J., dissents.
PER CURIAM.
As to the issue of quantum of damages, our decree did not effect a proper remand of this case. The case should have been remanded to the court of appeal, where the entire record had been lodged on appeal, for a determination on the merits. See Gonzales v. Xerox Corporation, et al., 320 So.2d 163 (La.1975). Therefore, rendering judgment in favor of the plaintiffs, Vicki C. Robertson and William Robertson, we remand the case to the court of appeal for a determination of the damages.
REMANDED.
MARCUS, J., dissents.