461 So.2d 452 (1984)
Logan T. GATLIN
v.
The COCA-COLA COMPANY.
No. 84-CA-110.
Court of Appeal of Louisiana, Fifth Circuit.
December 11, 1984.
Garland R. Rolling, Metairie, for plaintiff-appellant.
Arthur C. Reuter, Jr., Reuter, Reuter, Reuter & Pizza, New Orleans, for defendant-appellee.
Before BOUTALL, KLEIBERT and CURRAULT, JJ.
*453 CURRAULT, Judge.
This appeal arises from a summary judgment granted to defendant, Louisiana Coca-Cola Bottling Company, Ltd. (Coca-Cola) pursuant to an action for personal injuries filed by plaintiff, Logan T. Gatlin.
The facts herein reveal that on July 20, 1982, plaintiff Logan T. Gatlin was engaged in his usual occupation of collecting discarded items for resale from the St. Charles Parish landfill. Noticing a small, unopened bottle of Coca-Cola lying on top of some trash at the landfill, plaintiff picked it up and placed it on the flatbed portion of his truck. The bottle then exploded causing it to shatter. Glass from the neck of the bottle struck and injured his left eye. The Coca-Cola bottle was a non-returnable type with a twist-off cap.
Plaintiff's injuries required hospitalization and minor eye surgery, with subsequent care in an out-patient basis.
As a result of plaintiff's injuries, suit was filed against the Coca-Cola company, but amended on August 2, 1982 to reflect the proper defendant, Louisiana Coca-Cola Bottling Company, Ltd. Subsequently, on August 19, 1983, defendant filed a motion for summary judgment. Hearing on the motion was held on November 2, 1983, and judgment was rendered in defendant's favor on November 25, 1983.
Plaintiff thereafter perfected this appeal, alleging that the trial court erred in granting the motion for summary judgment on the facts of the case.
The jurisprudence is well established that a motion for summary judgment is not a substitute for trial. Laufer v. Touro Infirmary, 334 So.2d 541 (La.App. 4th Cir.1976). It is only properly granted where, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." LSA-C.C.P. 966.
The considerations necessary to determine the applicability of the motion in a particular case were recently delineated by this court in Kinney v. Hutchinson, 449 So.2d 696 (La.App. 5th Cir.1984). There we stated:
"The courts favor a trial on the merits; however, `a motion for summary judgment must be granted when reasonable minds must inevitably conclude that the mover is entitled to judgment on the facts before the court.' Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772, 775 (La.1980). Assuming facts in favor of plaintiff, the crucial question is whether reasonable minds might conclude that defendant breached a duty. Sanders, supra, at p. 775. On the other hand, where there are contradictions on factual issues created by depositions, and affidavits state conclusions of law rather than evidentiary facts, a party is not entitled to summary judgment. Thompson v. South Central Bell Telephone Co., 411 So.2d 26 (La.1982). Any doubt concerning a dispute as to a material fact must be resolved against the granting of a motion for summary judgment. Pennington v. F.G. Sullivan, Jr. Contractors, Inc. et al, 416 So.2d 192 (La.App. 1st Cir.1982). Furthermore, a mere belief that a litigant is unlikely to prevail upon the merits is not a sufficient basis to warrant the rendition of summary judgment and thus deprive the litigant of a trial. The function of the court is not to determine merits or issues, but rather to determine whether there is genuine issue of material fact. Laufer v. Touro Infirmary, et al, 334 So.2d 541 (La.App. 4th Cir.1976)." At pages 697-698.
The inquiry in a product's liability case is whether the product is defective and whether the defect proximately caused the injury. Robertson v. Gulf South Beverage, Inc., 421 So.2d 877 (La.1982); Weber v. Fidelity & Casualty Insurance Company of New York, 259 La. 599, 250 So.2d 754 (La.1971). A product is defective when it is unreasonably dangerous for normal use. Robertson, supra; Weber, supra.
The plaintiff who is injured as a foreseeable consequence of a defective *454 product placed in the consumer market by the manufacturer must prove:
that (1) the defendant manufactured the product; that
(2) defendant placed the product on the consumer market; that
(3) the product reached the user in substantially the same condition in which it was when defendant placed it on the consumer market; and that
(4) at the time the injury was caused, the product was being used in the manner intended by the manufacturer.
Proof of negligence on the part of the manufacturer is not a prerequisite to recovery inasmuch as the theory of recovery is one of strict liability. Andry v. Canada Dry Corporation, Division of Norton Simon, Inc., 355 So.2d 639 (La.App. 4th Cir. 1978), writ den. 357 So.2d 1167 (La.1978).
Appellee argues that the manufacturer is not liable for an injury sustained after a bottle has been improperly handled, citing LaFleur v. Coca-Cola Bottling Company of Lake Charles, Inc., 195 So.2d 419 (La.App. 3d Cir.1966). The LaFleur case, among others, as noted by the Louisiana Supreme Court in Robertson, was brought under the theory of negligence to which the doctrine of res ipsa loquitur was applied in order to obviate the need of the plaintiff to prove the details of the manufacturer's negligence. In this regard, the court in Robertson stated:
"This line of cases ignored the fact that it is reasonably foreseeable that these returnable glass bottles might be subjected to minor knocks in the course of normal use. Instead of focusing the inquiry on whether the fact of the explosion under the circumstances of each case made the product unreasonably dangerous for normal use, these cases focused on whether the explosion was brought about by some intervening cause such as the contributory negligence of the plaintiff or the negligence of some other person. We consider that these types of cases are better analyzed under the test set out in Weber v. Fidelity & Casualty Insurance Co., 259 La. 599, 250 So.2d 754 (1971).
"In Weber, we focused the inquiry in a products liability case on whether the product was defective. In order to recover from the manufacturer of a product, the plaintiff had to prove, first, that the product was defective, and second, that the defect was the proximate cause of the injury. We held that a product is defective when it is unreasonably dangerous for normal use. 250 So.2d at 755; cf. Restatement of Torts (2nd) § 402A (1965); cf. other jurisdictions, Venezia v. Miller Brewing Co., 626 F.2d 188 (1st Cir.1980); Sochanski v. Sears, Roebuck and Co., 621 F.2d 67 (3rd Cir.1980)." 421 So.2d at page 879.
The record herein reveals that the appellee, Coca-Cola, neither admits nor denies the manufacture of the bottle, but does admit that the Coca-Cola bottles originating from its plant are placed in the consumer market. There is no evidence that the bottle was not in substantially the same condition as when it left the plant, nor is there a showing that the bottle of Coca-Cola found by appellant was being used by him in a way not intended by the manufacturer. The only allegation which supports appellee's position is that the bottle was mishandled. In this respect, appellee claims that the bottle must have been mishandled since it had been subjected to extremes of vibration, temperature and impact. However, the only evidence in this regard is appellant's answer in deposition that he thought the bottle was probably brought in by a truck, and that it was found on top of a pile of trash. Appellee consequently conjectures that the bottle was, "properly disposed of by some third party in a landfill area and subject to extremes of temperature, vibration and impact," and could not be considered in "normal use." This conjecture by the appellee is disputed by appellant and the record discloses no basis from which the assumption might reasonably flow. For example, there is no evidence or allegation by appellee in his affidavit that such conditions *455 would cause an explosion, or what the weather conditions were prior to or on the day in question, or in fact how the object was actually mishandled. Until such questions can be answered after a full trial on the merits, the issue of whether the product, under these circumstances, created an unreasonable risk of injury for normal use cannot be resolved. Consequently, it was error for the trial court to grant a summary judgment in this particular case.
After a review of the record and pertinent legal principles, therefore, the summary judgment is hereby reversed and the case remanded for proceedings consistent with this opinion. Appellee is to pay costs of this appeal.
REVERSED AND REMANDED.