STOKER, Judge.
Angela Tyler was injured by the explosion of a 32-ounce bottle of Coca-Cola. She sued the Natchitoches Coca-Cola Bottling Company to recover her damages. The case was tried before a jury, which concluded that the defendant was not legally at fault. Mrs. Tyler appeals the verdict, claiming that the jury committed a reversible error of law in failing to apply to her case the principles of Robertson v. Gulf South Beverage, Inc., 421 So.2d 877 (La.1982).
Mrs. Tyler and her witnesses gave the following version of the facts. The plaintiff and her mother, Dorothy Longino, bought two cartons of 32-ounce bottles of Coca-Cola at Brookshire’s Grocery in Natchitoches on August 16, 1982. Natchitoches Coca-Cola Bottling Company manufactured the bottles. A store employee loaded the cartons into the back of Mrs. Longino’s pickup truck. The plaintiff and Mrs. Longino drove to the Tyler residence *690 in Goldonna, where they dropped off one carton. Mrs. Longino took the other carton to her home in Coushatta. She removed one bottle and took it inside, but left the rest in the truck. The next day the Tyler family went to the Longinos’ home. About 4:00 p.m, the plaintiff and her husband got into the truck and prepared to visit Mr. Tyler’s brother, who had been hospitalized. They planned to take a bottle of Coke with them, so Mrs. Longino took a bottle from the truck bed and handed it to Mr. Tyler. He in turn handed it to the plaintiff, who sat in the middle of the seat. Mrs. Tyler claims that she laid that bottle on its side on the seat against the passenger door. Mrs. Longino suggested that they take an extra bottle, so she passed it to Mr. Tyler as she had the first bottle. He handed it to his wife. She sat the bottle on its side against her right thigh. Seconds later, that bottle exploded. Glass flew into Mrs. Tyler’s face, cutting through her lip, breaking one tooth and chipping another.
The plaintiff argues that even considering the facts of this case in a light most favorable to the defendant, Robertson mandates that the plaintiff should recover. We disagree. Robertson did not create absolute liability on the part of a soft drink bottler when a bottle explodes.
In Robertson, the plaintiff reached for a can of shortening on the floor of her pantry, and was cut by an exploding Pepsi-Cola bottle. The Supreme Court applied the test set out in Weber v. Fidelty & Casualty Insurance Co., 259 La. 599, 250 So.2d 754 (1971). In Weber, the court stated that in order to recover from a manufacturer, a plaintiff had to show that a product was defective, and that the defect was the proximate cause of the injury. A product is defective when it is unreasonably dangerous for normal use.
The court in Robertson, through a somewhat inverted process, made a factual determination that the bottle was defective. The handling of the bottle prior to the time of the explosion evidently was unremarkable. The only defense proffered by the bottler was that the explosion may have been caused by the striking of the Pepsi bottle against the shortening can. The court reasoned that it was “highly improbable that she could have struck the bottle hard enough to cause an explosion of sufficient force to cut her so deeply had the bottle not been unreasonably dangerous for normal use.” After eliminating the only other explanation offered for the incident, the court concluded that “the mere fact of the explosion under the circumstances of this case made the product unreasonably dangerous for normal use.”
The court in Robertson recognized that its conclusion would not apply to every case when it stated that “[t]he very essence of the Weber test requires that each case be taken on its own facts.” The case before us poses a factual situation very different from Robertson. Here, the handling of the Coke bottle prior to the explosion was significant. Mrs. Longino and Mrs. Tyler purchased the Cokes the day before the incident. They drove them from Natchitoches to Goldonna to Coushatta in the back of a pickup truck. The bottles were left sitting outside overnight and for most of the next day in the middle of August. Just prior to the explosion, Mrs. Longino removed two of the bottles from the bed of the truck and passed them to Larry Tyler. He then handed them to the plaintiff. Some question existed as to whether the two bottles struck each other before the explosion. Mrs. Tyler testified that she understood that carbonated drinks are bottled under pressure. She is also aware of the consequences of misuse of the bottles.
The Natchitoches Coca-Cola Bottling Company presented the testimony of Mr. Henry Taylor, a managing partner in the company. Mr. Taylor explained the procedures for collecting, inspecting and filling soft drink bottles. Both manual and electronic inspections are made for defects. Mr. Taylor stated that a flawed bottle was not likely to survive the bottling process.
The Coke bottle had been subjected to a great deal of agitation and heat. The mere fact that it exploded here did not *691 signify that the bottle was defective. Whether a product is defective at the time of sale is a question of fact, which will not be disturbed absent manifest error. McClinton v. Reid, 417 So.2d 128 (La.App. 3d Cir.1982). The court in Robertson found that the Pepsi bottle was in normal use, and that in these circumstances a bottle would not explode unless it were defective. In the case before us, the jury could have concluded that mishandling of the bottle, not a defect, caused the accident. The mishandling would not be normal use. Thus Robertson would not apply to this case, and the bottler would not be responsible for this accident.
In order to reverse the jury’s verdict we must find it was clearly wrong. In reaching its conclusion the jury was entitled to make credibility evaluations. It may well have believed that the plaintiff’s version of the facts was incorrect. It evidently chose to attribute the accident to some combination of heat, agitation and impact, rather than to a defect in the bottle. As the evidence supports this conclusion, we do not feel justified in disturbing its verdict. The costs of this appeal are assessed to the plaintiff.
AFFIRMED.