491 So.2d 358 (1986)
Angela TYLER
v.
NATCHITOCHES COCA-COLA BOTTLING COMPANY.
No. 85-C-2408.
Supreme Court of Louisiana.
June 23, 1986.
Marvin F. Gahagan, Natchitoches, for plaintiff-applicant.
Henry C. Gahagan, Jr., Gahagan & Conlay, Natchitoches, for defendant-respondent.
MARCUS, Justice.
Angela Tyler filed suit against Natchitoches Coca-Cola Bottling Company and Brookshire's Grocery Company to recover damages for injuries sustained when a thirty-two ounce returnable bottle of Coca-Cola exploded. On August 16, 1982, at about 2:00 p.m., Dorothy Longino, plaintiff's mother, purchased two cartons of Coca-Cola from Brookshire's Grocery in Natchitoches. After these soft drink cartons were placed in the bed of her pickup truck, Mrs. Longino took plaintiff, who had accompanied her on the shopping trip, to the Tyler home in Goldonna. Plaintiff removed one of the cartons, and Mrs. Longino continued on to her home in Coushatta. After arriving at her home, Mrs. Longino left the remaining carton of Coca-Cola in the bed of the truck. The next day at about 4:00 p.m., while en route to the hospital to visit her brother-in-law who had been injured in an accident, plaintiff and her husband, Larry Tyler, stopped by Mrs. Longino's home to drop off their two children. As they were preparing to leave, plaintiff grabbed a bottle of Coca-Cola from the carton in the bed of her mother's truck. She and her husband then climbed into the cab of their pickup. Mr. Tyler sat behind the steering wheel, and plaintiff situated herself as close to him as possible. She placed the bottle of Coke on the seat to her right.[1] Deciding that the Tylers should take another Coke, Mrs. Longino retrieved a second bottle from the carton in the bed of her pickup and handed it to plaintiff's husband through the driver's window who, in turn, handed it to plaintiff. As plaintiff placed *359 this bottle on the seat next to her right leg, one of the two bottles exploded. The parties are in dispute as to whether the bottle exploded spontaneously or as the result of an external blow. Plaintiff testified that she did not strike the bottles against one another or any other object. The bottling company, however, argues that as plaintiff was putting the second bottle on the seat, its heel struck the first bottle causing the first bottle to explode. In support of its contention, the bottling company introduced the testimony of an expert in glass breakage who, after examining and reconstructing the bottle, concluded that it ruptured at the neck as the result of a "severe" impact "with another object."[2] A fragment of glass propelled by the explosion pierced plaintiff's lower lip and chipped two of her front teeth.
After trial by jury, a special verdict was rendered in which the jury found that the bottling company was not at fault. The trial judge rendered a judgment in conformity with the verdict in favor of the bottling company and against plaintiff dismissing her demands.[3] In denying plaintiff's motion for judgment notwithstanding the verdict, the trial judge found that there was sufficient evidence to support the findings of the jury. Plaintiff appealed. The court of appeal affirmed.[4] On plaintiff's application, we granted certiorari to review the correctness of that decision.[5]
The sole issue presented for our consideration is whether the legal principles set forth in Robertson v. Gulf South Beverage, 421 So.2d 877 (La.1982), require a finding that the explosion was caused by a defect in the bottle of Coca-Cola such that the bottling company is liable for the injuries sustained by plaintiff.
In Robertson, this court ruled that cases involving injuries caused by exploding carbonated soft drink bottles should be analyzed under the test set forth in Weber v. Fidelity Casualty Ins. Co., 259 La. 599, 250 So.2d 754 (1971). In Weber, the court focused the inquiry in a products liability case on whether the product was defective. In order to recover from the manufacturer of a product, the plaintiff had to prove, first, that the product was defective, and second, that the defect was the proximate cause of the injury. The Weber court held that the product is defective when it is unreasonably dangerous for normal use. In extending the Weber approach to exploding bottle cases, the Robertson court ruled that the proper inquiry would always be whether, prior to the explosion, the bottle was in normal use. If it was in normal use, then plaintiff has proved that the cause of the explosion was a defect, and the bottler is liable for the resulting injuries.
In Robertson, the plaintiff, Vicki Robertson, was injured when a thirty-two ounce returnable bottle of Pepsi-Cola exploded. The Pepsi had been purchased the day before and placed on the floor of Mrs. Robertson's pantry. She testified that on the day *360 of the accident, she had opened the pantry door to retrieve a can of Crisco shortening when she suddenly felt a sharp sting in her left wrist and noticed blood spewing out of a deep cut. She did not remember striking the Pepsi bottle. However, photographs taken after the explosion showed the Crisco can on the floor beside the shattered remains of the bottle. Additionally, an expert testified that a blow of some force was delivered to the side of bottle.
After reviewing the evidence, this court accepted defendant's contention that the Crisco can struck the Pepsi-Cola bottle. However, we noted that defendant's expert could not testify definitively as to the degree of force with which the can struck the bottle and concluded that the evidence did not support a finding that the Crisco can struck the bottle hard enough to cause the explosion. Since all the evidence indicated that her activity was not outside the scope of normal use and since it was reasonably foreseeable that returnable glass bottles might be subjected to minor knocks in the course of normal use, we found that a defect caused the Pepsi bottle to explode and thus that the bottler was liable for plaintiff's injuries. However, we did not impose absolute liability; rather, we provided that a person who strikes or drops a bottle with a force sufficient to cause it to explode may be barred from recovery. Each case must be taken on its own facts. Robertson, supra.
The facts in the instant case are clearly distinguishable from the facts in Robertson. In Robertson, there was no evidence that the soft drink bottle had been improperly handled by Mrs. Robertson or any other party prior to its being placed in the pantry nor that the impact between the Crisco can and the Pepsi bottle was anything other than a minor knock in the course of normal use. In the instant case, on the other hand, the bottle of Coke which exploded had been carried in the bed of Mrs. Longino's pickup truck from Natchitoches to Goldonna and then from Goldonna to Coushatta and, once in Coushatta, had been left outside in the bed of the truck for over twenty-four hours where it was unprotected from the August heat. As the regional partner of the bottling company testified, subjecting bottles of Coca-Cola to heat and agitation constitutes improper handling because it causes pressure within the bottle to increase.[6] Additionally, in this case there was expert testimony that the bottle ruptured as the result of a "severe" impact; the expert was able to estimate the degree of force behind the blow which shattered the bottle.
The jury obviously accepted the bottling company's explanation of the accident and concluded that the activities of plaintiff and her mother did not fall within the realm of normal use, that the explosion was not caused by a defect but rather by a combination of agitation, heat and a severe impact.[7] Such a factual determination should not be disturbed by an appellate court unless, considering all the evidence, it is clearly wrong. Hebert v. Brazzel, 403 So.2d 1242 (La.1981); Arceneaux v. Domingue, 365 So.2d 1330 (La.1979). Our review of *361 the record convinces us that the jury's determination was not clearly wrong. Accordingly, the judgment of the court of appeal should be affirmed.

DECREE
For the reasons assigned, the judgment of the court of appeal is affirmed.
CALOGERO and DENNIS, JJ., dissent.
DIXON, C.J., dissents with reasons.
DIXON, Chief Justice (dissenting).
I respectfully dissent.
If soft drink bottles are as dangerous as the one in this case, they should at least carry warnings to unsuspecting users.
NOTES
[1] Plaintiff gave inconsistent accounts as to exactly where on the seat she put this bottle. At trial, she testified that she leaned it against the passenger door, more than a bottle length away from her right leg. This testimony is contradicted by a deposition she gave on February 16, 1983 (some six months after the accident and more than one year before trial) in which she stated that she placed it on the seat beside her right leg.
[2] The expert who testified by video tape deposition stated that there are three causes of glass breakage: internal pressure, thermal shock and impact. Each cause of breakage leaves its own "fingerprint" which permits identification. The unique characteristic of a break caused by impact is the percussion cone which is left at the point of impact. After examining the fragments of the bottle which injured plaintiff, the expert pieced them together with scotch tape. In the neck of the bottle, there was a clearly identifiable percussion cone. This finding convinced the expert that the bottle ruptured as a result of a "severe impact."

Also supporting the bottling company's theory is plaintiff's statement in her February 16, 1983 deposition that she had placed the first bottle against her leg on the seat. At trial, she testified that the explosion occurred when she attempted to place the second bottle against her leg on the seat. Although at trial plaintiff claimed that she had really placed the first bottle against the door, if the jury chose to accept the account given in the deposition it could conclude that in lowering the second bottle to the seat, plaintiff struck it against the first bottle.
[3] Judgment was rendered in favor of Natchitoches Coca-Cola Bottling Company. The record does not reveal that there was any disposition of the claim as to Brookshire's Grocery Company.
[4] 479 So.2d 689 (La.App. 3d Cir.1985).
[5] 482 So.2d 620 (La.1986).
[6] According to plaintiff's testimony at trial, at the time of the explosion, she knew that the bottles of Coca-Cola had been transported a considerable distance in the bed of her mother's pickup truck and left outdoors in the August heat for more than a day. She also knew that the bottles were carbonated and that if sufficiently agitated or struck hard enough, they might rupture.
[7] Among the instructions given to the jury by the trial court were the following:

A product is defective when it is unreasonably dangerous for normal use.
Person injured by product need not prove defective design or manufacture in order to recover from manufacturer or retailer of product if it is proven that product was unreasonably dangerous to normal use.
The manufacturer is entitled to anticipate that his product will be used in a normal manner in which it was intended to be used. Thus, if you are convinced by defendant's evidence that the product was mishandled by the plaintiff, or put to an abnormal use, and thus contributed to the plaintiff's harm, then you must return a verdict for the defendant.
Clearly these instructions directed the jury to determine whether the bottle was in normal use prior to the explosion.