WICKER, Judge.
Schwegmann Giant Super Markets, Inc. appeals a summary judgment dismissing its claims against Conagra Poultry Company and Hartford Accident and Indemnity Company. We reverse and remand.
Gene Choplin and Janice Hebert, doing business as J & G Trucking (J & G), contracted with Conagra Poultry Company to haul and deliver chickens to Schwegmann’s warehouse. Conagra had packed the chickens in fifty-pound boxes and then packed two hundred and thirty-five of these boxes together on a. pallet enclosed with shrink wrap. The entire load consisted of forty-seven pallets.
*512 When the load arrived at Schwegmann’s, its employee, Timothy Falls, began to unload the trailer with a forklift. The floor of the trailer gave way, resulting in damage to J & G’s trailer and injury to Falls.
J & G sued Schwegmann alleging that Falls unloaded the trailer in an improper manner. Schwegmann reconvened for reimbursement of worker’s compensation benefits it paid or would pay to Falls, alleging the cause of the accident was J & G’s defective trailer and its improper unloading instructions. It third-partied Conagra for allegedly overloading the trailer and failing to warn Schwegmann. Schwegmann also alleged Conagra’s vicarious liability for its agent, J & G, as well. Schwegmann filed a concurrent suit against Conagra, and both suits were consolidated for trial.
Conagra moved for summary judgment against Schwegmann. Its affidavits established that the total weight of the chickens was 10,750 pounds, the truck had a capacity of 80,000 pounds, the trailer was not overloaded, the trailer was furnished by J & G, Conagra did not supervise J & G in delivering the chickens, no Conagra employees drove or unloaded the trailer, Cona-gra did not instruct or require J & G to unload the trailer in any particular manner, and Conagra did not control J & G’s activities. Conagra contended that it had no duty to advise Schwegmann of the condition of J & G’s trailer or to instruct it concerning unloading.
Schwegmann opposed the summary judgment, raising these alleged issues of material fact: whether Conagra loaded the trailer, whether Conagra posted warnings or instructions concerning the proper method of unloading (forklift or pallet jack or manually), and whether someone from J & G instructed or participated in loading the trailer. Schwegmann attached no affidavits of its own.
The underlying issue, of course, is the cause of the collapse of J & G’s trailer. That issue remains unresolved at this point kin the proceedings. Conagra has established that it packed the chickens, that it loaded the chickens onto J & G’s trailer, that J & G was an independent contractor, that the trailer was not overloaded, that it had no control or supervision over the manner in which the chickens were unloaded at Sehwegmann’s warehouse, and that its employees neither drove nor unloaded the trailer. Conagra contended that it had no vicarious liability for its independent contractor; that the chickens could be safely unloaded by either forklift, pallet jack, or by hand; and'that it had no duty to instruct or warn Schwegmann or J & G how to unload the chickens. It concluded that it breached no duty to Schwegmann and could not, therefore, be liable to Schweg-mann.
Schwegmann’s basic argument is that an alternative way of packing or loading the chickens, or the furnishing of instructions concerning their unloading, would have prevented the accident. Whether or not another method of packing or loading would have prevented the accident is a matter of expert opinion; however, no expert testimony was offered to resolve this question. Summary judgment is inappropriate for disposing of a case in which the ultimate issue will be based on opinion evidence. McCrossen v. Renovate, Inc., 548 So.2d 92 (La.App. 5th Cir.1989).
Summary judgment is not a substitute for trial and is properly granted only where “the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La.C.Civ.P. art. 966; Gatlin v. Coca-Cola Co., 461 So.2d 452 (La.App. 5th Cir.1984). If there is any doubt concerning an allegedly disputed material fact, that doubt should be resolved against granting summary judgment. Gatlin, supra.
We find such a doubt, and we reverse and remand for further proceedings.
REVERSED AND REMANDED.