411 So.2d 1088 (1981)
Mrs. Joyce Melancon BACILE, Individually and as Natural Tutrix and Administratrix of Dodie Ann Melancon
v.
PARISH OF JEFFERSON and Bogalusa Iron Works, Inc.
No. 11984.
Court of Appeal of Louisiana, Fourth Circuit.
December 23, 1981.
Rehearings Denied April 16, 1982.
*1089 Nick F. Noriea, Jr., Kierr, Gainsburgh, Benjamin, Fallon & Lewis, New Orleans, for plaintiff & appellant.
Hubert A. Vondenstein and Daniel Martiny, Gretna, for defendant & appellee Parish of Jefferson.
Donald H. Lee, Seal, Lee, Branch & Brown, Bogalusa, for defendant & appellee Bogalusa Iron Works, Inc.
Before REDMANN and STOULIG, JJ., and McBRIDE, III, J. Pro Tem.
THOMAS M. McBRIDE, III, Judge Pro Tem.
Plaintiff-Appellant, Joyce Melancon Bacile, instituted suit on behalf of her minor daughter, Dodie Ann Melancon, for injuries sustained by her minor child. On May 2, 1974, the minor, who was then eleven years old, was attempting to cross Skidmore Street in Jefferson Parish. As the child stepped from the curb in front of 2977 Skidmore, her foot became lodged in a drain grate opening and resulted in an injury to the calf of her leg. The drain grate was manufactured by defendant, Bogalusa Iron Works according to the design, plans and specifications of Jefferson Parish and accepted for use.
*1090 Appellant represents that the Defendants were negligent in the design and planning of the drain grate. The design of the grate called for a 2½ opening on each end of the grate, with 2" openings in the middle. The particular drain grate in question was measured, and demonstrated a 2 11/16;" opening on the end where young Miss Melancon fell. As a result of this variance, appellant further submits that the grate was accepted for use although it did not meet specifications.
In support of appellant's position, a "human factor expert" testified that the 2½ opening presented an unsafe condition, with no consideration given for human frailties. He further testified that the grate was located in a subdivision where people are walking and that it is conceivable and probable that persons would step through the opening and sustain an injury. Accordingly, special design considerations should be given to the human factor that someone could step through the opening.
The Civil Engineer for the Parish of Jefferson and the representative of Bogalusa Iron Works testified that the grate had been used extensively throughout the State for a number of years without incident, and that the 3/16 variance in the grate in question was within normal tolerance in casting iron; therefore, the grate was not unreasonably dangerous.
We cannot agree with the defendants' position. Just as the fact that a foot gets caught in an escalator proves the escalator defective, Marquez v. City Stores, 371 So.2d 810 (La.1979), so too the fact that a normal-sized 11-year-old child falls through a flat drainage grate in a street all the way up to her knee proves that the grate is defective. We therefore reverse the trial court's judgment dismissing plaintiffs' claim for damages from the child's injury.
A "roll over catch basin" grate with openings intended to lie flat in the street, yet so long and so wide as to admit a child's foot, is defective because it presents an unreasonable risk of injury to children in its normal use; see Marquez, supra. The parish is therefore liable under La.C.C. 2317 for damages caused by the defect of a thing which it has in its custody, Jones v. City of Baton Rouge, 388 So.2d 737 (La.1980).
The manufacturer is also liable to plaintiff for its failure to manufacture the grate in a reasonably safe condition for its intended use. That the manufacturer fabricated the grate in accordance with the parish's design and specifications would not exculpate the manufacturer towards a person injured in normal use of the thing; a manufacturer who knows the intended use cannot join in creating an unreasonable risk of injury by manufacturing a thing that presents such a risk in its intended use. In the present case it is uncertain whether the 2.5" design width of the 13.5" long opening made the grate defective in the sense we have discussed, or whether the grate's being manufactured 3/16 over design width caused the defectiveness. Insofar as plaintiff is concerned, those questions are immaterial because the parish's liability exists under C.C. 2317 whether or not its design was the cause of the defect, and the manufacturer's liability also exists irrespective of whether it merely followed an unreasonably dangerous design or on its own created, by departing from the design, an unreasonably dangerous product. Insofar as defendants are concerned between themselves it might arguably make a difference if the design or manufacturing defect were not so evident that either party should have noted the other's error; but neither establishes that the injury was attributable exclusively to the other, and thus each is entitled not to indemnity from the other but only to contribution of half; Hunt v. City Stores, 387 So.2d 585 (La.1980).
Defendants argue that plaintiff child's failure to avoid the catch basin grate as she ran was contributory negligence that bars her recovery. We disagree. The purpose of the legal duty to cover catch basins with grates is to protect vehicles and pedestrians from falling into the basin through failure to observe the opening in the street; and the purpose of the duty to make grate openings too small to admit a foot is to *1091 protect against persons being injured through stepping through the grate because of inattention. If one has a duty to protect another from the other's own negligence and breaches that duty, there would be no remedy for that breach if the other's same negligence were a bar to recovery; the duty to protect against it would be meaningless. Rue v. State, Dept. of Hwys., 372 So.2d 1197 (La.1979); Oliver v. Capitano, 405 So.2d 1102 (La.App. 4th Cir. 1981), writs refused, 407 So.2d 731, 407 So.2d 734. Thus, if plaintiff child's stepping on the grate be negligence, it is not a bar to her recovery.
Fortunately the damage to the child appears not to be as serious as it might have been; she did not break her leg although her bone was exposed by the laceration of her tissue. She has a scar of irregular shape, an inch or so long and almost as wide, a little below her knee. The scar's dark color has remained for about four years and causes her embarrassment. Plastic surgery would likely afford some benefit but the scar will remain. The original healing of the wound (after suturing) was complicated by infection. The injury interfered with plaintiff child's schooling and summertime activities.
For all of this damage to her, and for the cost of future plastic surgery she (now of age) may elect to have, we conclude that an award of $10,000.00 is appropriate. Her mother is entitled to judgment for $71.00 medical costs during her minority.
Reversed; judgment for Dodie Ann Melancon for $10,000.00 and for Joyce Melancon Bacile for $71.00, each against the Parish of Jefferson and Bogalusa Iron Works, Inc. in solido with interest from judicial demand and all costs; and judgment over for each defendant against the other for contribution of half.
REVERSED.