GAUDIN, Judge.
Plaintiff Joseph A. McCrossen, a professional fireman, was injured during a two-alarm fire at the residence of Dr. Walton L. Shaffer. The fire started on the roof, where it spread to a liquid petroleum or butane gas tank which had been left on the roof, allegedly due to negligence. The tank exploded, hurting McCrossen.
In due course, motions for summary judgment were filed by (1) Dr. and Mrs. Shaffer, (2) Renovate, Inc, which had been *1084 hired to install a new roof; (3) Frank Ca-stjohn, part owner and president of Renovate; (4) C.W. Constant, d/b/a Quality Roofing and Sheet Metal Company, Inc., a Renovate subcontractor actually doing the roofing repairs; (5) State Farm Insurance Company, Dr. and Mrs. Shaffer’s insurer, (6) Commercial Union Insurance Company, which insures Renovate; (7) Nord Bitumi, U.S., Inc., which manufactured the roofing materials being used atop the Shaffer residence; and (8) Gulf States Asphalt Company of Louisiana, which had sold the roofing materials.
By judgment dated December 17, 1987, all motions for summary judgment were granted. McCrossen has appealed.
The judgment granting the motions for summary judgment cites and obviously heavily relies on Chinigo v. Geismar Marine, Inc., 512 So.2d 487 (La.App. 1st Cir.1987), which discusses at length the normal and the extraordinary risks encountered by firemen.
McCrossen contends that the negligently left and unattended butane tank on the Shaffer roof constituted an extraordinary hazard. The storage of highly inflammable materials, he argues, was an ultrahazardous activity and he did not assume that risk.
The trial judge, however, did not agree. In his assigned “Reasons for Judgment,” he wrote:
"The essential issue in this case is whether this fire was caused by ordinary negligence, or an ultrahazardous activity. The Court holds that it was a residential housefire caused by ordinary negligence.
“The Court does not consider the presence of the butane tank on the roof or the application of asphalt roofing materials with a blowtorch ultrahazardous activities. The storage of flammable materials is not an ultrahazardous activity. Butler v. Atwood, 420 So.2d 742 (La.App. 4th Cir., 1982); Mayor and Council of City of Morgan City v. Fontenot, 460 So.2d 685 (La.App. 1st Cir., 1984).
“Additionally, the Court doesn’t think that the presence of a butane tank on the roof was an independent risk. It was part of the roofing operations which were the cause of the fire.
“The Court believes this case involved an ordinary residential fire caused by ordinary negligence rather than ultrahaz-ardous activity.”
The trial judge appears to have made significant findings of fact, drawing from them conclusions of law. This precludes summary judgments insofar as some defendants are concerned. Summary judgments are appropriate only when there are no material issues of fact or law.
This record indicates no material issues of either fact or law regarding the alleged negligence of Dr. and Mrs. Shaffer, State Farm, Nord Bitumi and Gulf States. Accordingly, the motions for summary judgments dismissing these defendants from this proceeding are affirmed.
We set aside the other motions for summary judgment, those in favor of Renovate, Castjohn, Quality Roofing and Commercial Union, and we remand to the district court for further proceedings. These defendants are to bear the costs of this appeal.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.