548 So.2d 92 (1989)
Dorothy Wells, wife of/and Joseph A. McCROSSEN
v.
RENOVATE, INC., Walton L. Shaffer, Quality Roofing and Sheet Metal Company, Inc., Frank Castjohn, State Farm Fire & Casualty Company, Gulf States Asphalt Company of Louisiana, Nord Bitumi, U.S., Inc.
No. 89-CA-116.
Court of Appeal of Louisiana, Fifth Circuit.
July 31, 1989.
*93 James Donelon, Clement P. Donelon, Metairie, for plaintiff/appellant.
James Taylor, Eric Shuman, Margaret Diamond, Michael T. Pulaski, New Orleans, for defendant/appellee.
Before BOWES, DUFRESNE and WICKER, JJ.
WICKER, Judge.
Joseph A. and Dorothy Wells McCrossen appeal the dismissal by summary judgment of their claims against Mack Trucks, Inc., a co-defendant in this personal injury suit. The issue is whether there is any material issue concerning Mack Truck's duty to the McCrossens. We reverse and remand.
McCrossen is a firefighter with the Jefferson Parish Fire Department. He was injured by a fire hose while fighting a fire allegedly caused by smoldering roofing materials which had been installed with a blow torch on the day of the fire.
McCrossen sued Walter L. Shaffer, the owner of the house which burned; Renovate, Inc., Frank Castjohn, and C.W. Constant d/b/a Quality Roofing, the roofer and contractor allegedly responsible for starting the fire; and Mack Trucks, Inc., the manufacturer of the fire truck to which the hose was attached. All defendants but Mack Trucks were dismissed from the suit on summary judgments, but this court reversed with regard to the roofer and contractor. McCrossen v. Renovate, Inc., 528 So.2d 1083 (La.App.1988), cert. den. 532 So.2d 178, 180 (La.1988).
The fire trucks used by the fire department were obtained through competitive bidding. Jefferson Parish furnished the very detailed specifications, although McCrossen argues that those specifications were furnished by Mack Trucks. Mack Trucks submitted a bid for the fire truck, and the Jefferson Parish Council approved the acquisition and paid for the truck.
The truck in question, No. 178, had one and three-quarter inch discharge lines, with each two lines connected to a master pressure gauge. These master gauges were under the control of an operator to regulate the pressure in the lines, creating pressure surges in the fire hoses. Larger discharge lines of two and one-half inches were required to be equipped with individual pressure gauges; and, after the accident, the fire department added individual gauges to its fire trucks.
As McCrossen's fellow firefighter was handling the fire hose, pressure surged in the line at the same time he stepped in a hole in the floor, resulting in his loss of control of the hose. The hose jerked out of his hands, whipped around, and hit McCrossen.
Mack Trucks sought summary judgment on two theories: the equipment was manufactured according to the specifications of the fire department and met National Fire Protection Associations requirements; and McCrossen, a professional rescuer, knowingly encountered and assumed the risk of injury in the course of his duties.
In granting the motion for summary judgment, the trial judge reasoned that the lack of individual gauges on the fire hoses was not a defect in the fire truck but that their inclusion would be an enhancement of the product. He distinguished the case of Bacile v. Parish of Jefferson, 411 So.2d 1088 (La.App. 4th Cir.1981), writ den. 415 So.2d 950 (La.1982); and he analogized the enhancement of the fire truck by the addition of individual pressure gauges to the availability of anti-locking brakes on some automobiles. He concluded that the fire truck in use worked and, while the addition of individual gauges would have been beneficial *94 and appropriate, as evidenced by their inclusion on fire trucks belonging to the fire department since the accident, their lack was not a defect. He felt that the matter before him was only a legal and not a factual question. He concluded, "Let's go ahead and see what the guys upstairs [this circuit] think about that ruling...."
McCrossen complains that the trial judge erred in finding that there was only a legal issue here; and he suggests the factual questions are several: whether the lack of individual gauges is a design defect, whether his injury might have been reasonably anticipated, whether the fire truck created an unreasonable risk of injury in normal use, whether the fire truck should have been manufactured with individual gauges, whether the inclusion of individual gauges is an enhancement of the fire truck, whether the specifications for the fire trucks were furnished by Mack Trucks or by the Jefferson Parish Fire Department, and whether he imprudently exposed himself to danger. Mack Trucks argues that the only issue is a legal one: whether Mack Trucks had a duty to protect McCrossen from this risk.
McCrossen's basic argument is that an alternative design, individual gauges, existed which would have made the fire truck safer. Safer alternative design is one of the theories of products liability recognized in Louisiana. Toups v. Sears, Roebuck and Co., 507 So.2d 809 (La.1987). See also Louisiana Products Liability Act, La.R.S. 9:2800.51 et seq., added by Acts 1988, which was not in effect at the time of the events complained of.
Whether or not the individual gauges, if used, would have made the fire truck safer is a matter of expert opinion. However, no expert testimony was offered to resolve this ultimate question: was the failure to include individual gauges a defect in the design of the fire truck which contributed to the accident? This is a question of fact which must be resolved by expert opinion, and summary judgment is inappropriate for disposing of a case in which the ultimate issue will be based on opinion evidence. Whitney v. Mallet, 442 So.2d 1361 (La.App. 3rd Cir.1983), writ den. 445 So.2d 437 (1984); Butler v. Travelers Insurance Co., 233 So.2d 271 (La.App. 1st Cir.1970).
Summary judgment is not a substitute for trial and is properly granted only where "the pleadings, depositions, answers to interrogatories, and admissions on file, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.C. Civ.P. art. 966; Gatlin v. Coca-Cola Co., 461 So.2d 452 (La.App. 5th Cir.1984). If there is any doubt concerning an allegedly disputed material fact, that doubt should be resolved against granting summary judgment. Gatlin, supra.
We believe that the trial judge made a factual finding which was not supported by any expert testimony, and we therefore reverse and remand for further proceedings. Mack Trucks, Inc. must pay the costs of this appeal.
REVERSED AND REMANDED.