555 So.2d 655 (1989)
Ingrid TRAUT
v.
UNIROYAL, INC.
No. 88-CA-2148.
Court of Appeal of Louisiana, Fourth Circuit.
December 28, 1989.
John J. Gillon, Jr., New Orleans, for plaintiff-appellee.
Lawrence G. Pugh, III, Montgomery, Barnett, Brown, Read, Hammond & Mintz, New Orleans, for defendant-appellant.
Before CIACCIO, WILLIAMS and BECKER, JJ.
WILLIAMS, Judge.
Defendant, Uniroyal, Inc., appeals a judgment in favor of plaintiff, Ingrid Traut, in the amount of $3,508.92, representing the amount of damages plaintiff sustained to her automobile when her tire "blew out" and she hit a tree, plus interest and costs. Because plaintiff presented no evidence to show that a defect existed in *656 the tire which caused a blow out, we hold that the trial court was clearly wrong in holding for plaintiff. Accordingly, we reverse.
On June 19, 1985, plaintiff was driving southbound on Esplanade Avenue in New Orleans when she experienced an "explosion" in one tire and lost control of her car. The car jumped the curb of the neutral ground and hit a tree, where it came to rest.
Plaintiff filed suit against Uniroyal, manufacturer of the tire, alleging "faulty design and/or manufacture of the tire." Plaintiff alleged damage to her vehicle and damages for loss of the vehicle and pain and suffering. The trial was held in the First City Court for the City of New Orleans, and judgment was rendered in favor of plaintiff.
Defendant appeals, assigning as error the trial court's judgment for plaintiff in the absence of any evidence that the tire was defective. This assignment has merit.
It is well settled that in order to recover against a manufacturer under strict tort liability, plaintiff must prove 1) that the harm complained of resulted from the condition of the product, 2) that the condition made the product unreasonably dangerous for normal use, and 3) that the condition existed at the time the product left the manufacturer's control. Halphen v. Johns-Manville Sales Corp., 484 So.2d 110, 113 (La.1986)[1]; Bell v. Jet Wheel Blast, 462 So.2d 166, 168 (La.1985). Plaintiff in the instant case failed to meet her burden of proof.
Plaintiff was the only witness to testify on her behalf. She testified that as she drove along, there was a big "explosion" which was "very definitely a blow out." She presented no expert testimony to corroborate her theory that the tire failed due to a defect. She stated that the tire was on her vehicle when she purchased it seven years before the accident, that she had put about 27,000 miles on the car, and that she had never experienced a problem with the tire prior to the accident. Plaintiff introduced into evidence the tire (for which a picture was substituted) and her repair bill.
Richard J. Harrison, expert in tire analysis failure, testified for the defendant. Harrison testified that he had visually inspected the tire and concluded that the tire had lost air in a violent or rapid manner. After analyzing the hole in great detail, Harrison concluded from the shape, size and depth of the hole, as well as the nature of the materials around the hole, that the tire had been cut by an unknown extraneous object which it encountered. Harrison opined that there was no defect in the tire, but that the tire had failed due to a cut "from an object of sufficient dimensions to have cut through and cut a piece out of a sidewall of this tire, and also, to have damaged the wheel. Also, that it [the object] had sufficient stability or rigidity to have pushed the sidewall off the wheel." This testimony was uncontested.
Thus, plaintiff failed to present any evidence that the tire was defective. Failure of a tire is not such an unusual event that a defect can be inferred solely from the fact that the accident occurred. See Broussard v. Pennsylvania Millers Mutual Insurance Co., 406 So.2d 574 (La.1981). As the Louisiana First Circuit Court of Appeal stated in Williams v. U.S. Royal Tires, 101 So.2d 488, 492 (La.App. 1st Cir. 1958), "(i)t cannot possibly be presumed or said that the blowing out of this tire was solely because of a defect therein by the alleged manufacturer.... There are numberless means or causes other than a defect in the manufacture, which bring about a blow out of a tire."
Plaintiff's argument that the tire was unreasonably dangerous per se because the danger-in-fact of the product outweighed the utility of the product is without merit. Plaintiff failed to show any intrinsic characteristic of the tire which constituted a danger-in-fact and failed to show that any alleged defect outweighed the obvious utility of the product.
*657 Because plaintiff failed to sustain her burden of proving that the tire was defective or of faulty design, we reverse the judgment of the trial court.
REVERSED
NOTES
[1] Some of the principles of Halphen were superceded by the Louisiana Products Liability Act, Acts 1988, No. 64. That Act, effective September 1, 1988, is not applicable to this case.