920 F.2d 259
 James R. LAVESPERE, Plaintiff-Appellant Cross-Appellee,
and
Liberty Mutual Insurance Co., Intervenor-Appellant Cross-Appellee,
v.
NIAGARA MACHINE & TOOL WORKS, INC., Defendant-Appellee
Cross-Appellant.
 No. 89-4208.
 United States Court of Appeals,
Fifth Circuit.
 Dec. 18, 1990.
 
 Henry B. Bruser, III, Gold, Weems, Bruser, Sharp, Sues & Rundell, Alexandria, La., for Lavespere.
 Steven P. Mansour, Michael T. Johnson, Bolen Erwin, Johnson & Coleman, Alexandria, La., for Liberty Mut. Ins. Co.
 Brian D. Smith, Lunn, Irion, Johnson, Salley & Carlisle, Shreveport, La., for Niagara Mach. & Tool Works, Inc.
 Carl J. Barbier, Louisiana Trial Lawyers Ass'n, New Orleans, La., for amicus curiae.
 Appeals from the United States District Court for the Western District of Louisiana.
 ON PETITION FOR REHEARING
 (Opinion August 13, 1990, 5th Cir.1990, 910 F.2d 167)
 Before RUBIN, JONES, and BARKSDALE, Circuit Judges.
 ALVIN B. RUBIN, Circuit Judge:
 
 
 1
 The application for rehearing asserts that our original decision[1] erroneously held the procedural provisions of the Louisiana Products Liability Act[2] applicable to this case even though that law was adopted after the cause of action had accrued, relying on several Louisiana intermediate appellate court opinions stating categorically, albeit cryptically, that the law is not retroactive. The proposition that, in general, the Louisiana Products Liability Act is prospective is accurate, but its unqualified application to the burden-of-proof provision of the law is not.
 
 
 2
 In our original opinion we held that, as Article 6 of the Louisiana Civil Code provides, the substantive parts of the LPLA apply only prospectively "in the absence of contrary legislative expression." Finding that the legislature "went out of its way to remain mute"[3] on retroactivity because a provision purporting to make the law apply prospectively only was deleted as part of a legislative compromise, we interpreted the temporal application of the law in accordance with the interpretive prescription of the Louisiana Civil Code: "[s]ubstantive laws apply prospectively only. Procedural laws apply both prospectively and retroactively, unless there is legislative expression to the contrary."[4] Our opinion that the Louisiana legislature was deliberate in failing to prescribe explicitly the chronological reach of various provisions of the statute is buttressed by the fact that an effort was made in the Second Extraordinary Session of the 1988 Louisiana Legislature to enact a rule that "all provisions" of the LPLA "shall have prospective application only." This was vetoed by the Governor as being beyond his call for the session, hence unconstitutional.[5] Lavespere's argument that the legislature thus expressed a will with legally binding effect despite the failure of the effort to become law is sophistic. The failure of the legislative effort fortifies our conclusion that, as originally adopted and still in force, the LPLA contains no provision determinative of the nonretroactivity of its procedural provisions. Accordingly, we held the burden-of-proof provision of the law procedural, hence applicable to pending cases.
 
 
 3
 Having reviewed that opinion and the Louisiana intermediate appellate court opinions relied on in the application for rehearing, we deny the application.
 
 
 4
 The Louisiana Supreme Court has never discussed the issue before us. Under the Erie[6] doctrine that state law is applicable in a federal diversity jurisdiction case, state intermediate appellate court decisions constitute indicia of state law[7] even when decided after a federal court has rendered a contrary opinion if the federal judgment has not yet become final.[8] Such decisions, if applicable, should, therefore, be followed absent a strong showing that the state supreme court would rule differently.[9]
 
 
 5
 Despite offhand and unqualified statements, none of the rulings in the Louisiana intermediate appellate court opinions dictates a result contrary to the conclusion we have reached. In none of the Louisiana cases was burden of proof involved. In none of them did the appellate court determine whether the burden-of-proof provision, being procedural, as distinguished from the substantive provisions of law, applies to pending cases. In none did the court consider the applicability of the principles of statutory construction set forth in the Civil Code.
 
 
 6
 In Frederick v. General Motors Corporation,[10] decided in May, 1989, the Louisiana Court of Appeal for the Third Circuit in a footnote explaining its application of the substantive rules of liability set forth in Halphen v. Johns-Manville Sales Corporation,[11] stated:
 
 
 7
 Some of the principles established in Halphen were legislatively overruled by the Louisiana Products Liability Act, Acts 1988, No. 64. The effective date of this act was September 1, 1988, and has no bearing on this case.[12]
 
 
 8
 A month later, in Lopez v. Chicago Bridge and Iron Company,[13] the same court affirmed a trial court ruling excluding evidence that an alleged manufacturer of the defective product was in fact its maker. After reviewing the evidence, the court said it found "no error in the court's treatment of [one defendant] as the manufacturer ... and its evidentiary ruling which excluded detailed testimony that [another defendant] was the manufacturer. In accord see LSA-R.S. 9:2800.53(1) and (1)(a), which, though not applicable retroactively, are nonetheless supportive of this conclusion."[14] This aside does not even refer to the burden-of-proof section of the Act.
 
 
 9
 The Louisiana Court of Appeal for the Fifth Circuit, in McCrossen v. Renovate, Inc.,[15] an opinion rendered on July 31, 1989, referred to the effective date of the Products Liability Act but only in connection with the safer-alternative-design theory of recovery, stating that this theory is recognized in Louisiana, citing a 1987 Louisiana case, and adding: "See also Louisiana Products Liability Act, La.R.S. 9:2800.51 et seq., added by Acts 1988, which was not in effect at the time of the events complained of."[16] Like the other opinions cited, this does not even refer to the burden-of-proof provision and its general reference to the LPLA can hardly be taken as constituting a determination of the principles of Louisiana law applicable here. For the same reason the references in Traut v. Uniroyal, Inc.[17] and Breeden v. Valencia, Inc.[18] are not determinations of the issue. In each the court considered claims to recover based on inadequate warning and said in almost identical footnotes:
 
 
 10
 "The Louisiana Products Liability Act, Acts 1988, No. 64, which superseded some of the principles of Halphen, was effective September 1, 1988, and is not applicable to the instant case,"[19] and "Some of the principles of Halphen were superseded by the Louisiana Products Liability Act, Acts 1988, No. 64. That Act, effective September 1, 1988, is not applicable to this case."[20]
 
 
 11
 Consonant with these decisions, our original opinion held the substantive parts of the Act applicable only prospectively. We fail to find in any of the Louisiana cases even consideration of, let alone a determination that, the procedural provision was so limited.
 
 
 12
 Most recently, on June 20, 1990, the Louisiana Court of Appeal for the Second Circuit, in Berry v. Commercial Union Insurance Company,[21] considered the availability of the state-of-the-art defense to a pre-LPLA claim. Stating that the Act "affects substantive rights and is therefore prospective only," the court refused to apply it but instead applied Halphen.[22] The court obviously did not consider whether part of the Act might be procedural and, hence, retroactive.
 
 
 13
 In our original opinion we distinguished McCoy v. Otis Elevator Company.[23] The application for rehearing faults our failure to note that the Louisiana Supreme Court denied writs in that case, a denial which is inconsequential not only because the case presents a different situation from Lavespere,[24] but because the Louisiana Supreme Court has long held that the denial of writs in a civil case has no precedential effect.[25]
 
 
 14
 We find no merit in the argument that retroactive application of the Act "unconstitutionally disturbs plaintiff's vested property right in his cause of action," for it does not destroy the cause of action but merely clarifies on whom the burden of proving a claim rests, a matter left undecided in Halphen.
 
 
 15
 While the applicability of the LPLA was not raised in the district court or in briefs to this court, the question of burden of proof was inextricably bound to the merits of the summary-judgment motion. Our affirmance of the district court may rest on reasons not advanced by that court, although reversal may not be.[26] Because our opinion applies only to causes of action arising more than two years ago, and because the Louisiana Supreme Court has denied writs in Berry, we do not consider this such an exceptional case as to warrant certification of the retroactivity issue to the Louisiana Supreme Court.
 
 
 16
 For these reasons and because we think that the Louisiana Supreme Court would reach the same result as we did in our original opinion, the motion for rehearing by the panel is
 
 
 17
 DENIED.
 
 
 
 [1]
 Lavespere v. Niagara Machine & Tool Works, Inc., 910 F.2d 167 (5th Cir.1990)
 
 
 [2]
 La.Rev.Stat.Ann. Sec. 9:2800.51 et seq. (West Supp.1990)
 
 
 [3]
 Lavespere, 910 F.2d at 182
 
 
 [4]
 La.Civ.Code Ann. art. 6 (West 1990), reproducing the substance of La.Civ.Code Ann. art. 8 (1870)
 
 
 [5]
 Kennedy, A Primer on the Louisiana Products Liability Act, 49 La.L.Rev. 565, 625-626 n. 248 (1989)
 
 
 [6]
 Erie R.R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1939)
 
 
 [7]
 Birmingham Fire Ins. Co. of Pa. v. Winegardner & Hammons, Inc., 714 F.2d 548, 550 (5th Cir.1983)
 
 
 [8]
 See Exxon Co., U.S.A. v. Banque de Paris et des Pays-Bas, 488 U.S. 920, 109 S.Ct. 299, 102 L.Ed.2d 319 (1988) (mem.)
 
 
 [9]
 Taylor v. Jim Walter Corp., 731 F.2d 266 (5th Cir.1984); but see Green v. Walker, 910 F.2d 291, 294 (5th Cir.1990)
 
 
 [10]
 544 So.2d 757 (La.App. 3d Cir.1989)
 
 
 [11]
 484 So.2d 110 (La.1986)
 
 
 [12]
 Frederick, 544 So.2d at 761 n. 3 (emphasis added)
 
 
 [13]
 546 So.2d 291 (La.App. 3d Cir.1989)
 
 
 [14]
 Id. at 295
 
 
 [15]
 548 So.2d 92 (La.App. 5th Cir.1989)
 
 
 [16]
 Id. at 94
 
 
 [17]
 555 So.2d 655 (La.App. 4th Cir.1989)
 
 
 [18]
 557 So.2d 302 (La.App. 4th Cir.1990)
 
 
 [19]
 Id. at 308 n. 5
 
 
 [20]
 Traut, 555 So.2d at 656 n. 1
 
 
 [21]
 565 So.2d 487 (La.App. 2d Cir.), writ denied, 569 So.2d 959 (1990)
 
 
 [22]
 Id. at 490
 
 
 [23]
 546 So.2d 229 (La.App. 2d Cir.), writ denied, 551 So.2d 636 (1989)
 
 
 [24]
 See Lavespere, 910 F.2d at 182-83
 
 
 [25]
 Coco v. Winston Industries, Inc., 341 So.2d 332, 336 n. 1 (La.1976); St. Tammany Manor, Inc. v. Spartan Bldg. Corp., 509 So.2d 424, 428 (La.1987)
 
 
 [26]
 E.g., Church of Scientology of Calif. v. Cazares, 638 F.2d 1272, 1281 (5th Cir.1981). See generally, 10 C. Wright, A. Miller & M. Kane, Federal Practice & Procedure Sec. 2716 (1983)