**Erica CAMPBELL, et al.**

v.

**MITSUBISHI MOTORS, INC.**

**No. CIV.A.6:03 CV 1387.**

United States District Court,
W.D. Louisiana,
Lafayette-Opelousas Division.

Aug. 8, 2004.

Jermaine Demetrie Williams, Williams Doran & Williams, Lafayette, LA, Bernard F Duhon, Abbeville, LA, for Erica Campbell, Treva Campbell, Plaintiffs.

Lance B Williams, Keith W McDaniel, McCranie Sistrunk et al, Covington, LA, for Mitsubishi Motors Inc, Mitsubishi Motors North America Inc, Defendants.

**MEMORANDUM RULING**

MELANCON, District Judge.

Before the Court is a Motion for Summary Judgment filed by defendant Mitsu-

bishi Motors of North America [Rec. Doc. 52]. Plaintiffs initially filed a memorandum in opposition that was deemed deficient by the Clerk of Court pursuant to Local Rule 52.6 E & W. [Rec. Doc. 55]. Following the hearing date for defendant's motion, plaintiffs filed for leave to file an amended and supplemental memorandum in opposition to summary judgment [Rec. Doc. 65]. The Court granted plaintiffs' request for leave to file their amended memorandum, and the Court will consider plaintiffs' amended memorandum in opposition despite its untimeliness. Defendant has filed a memorandum in reply to plaintiff's original memorandum in opposition. [Rec. Doc. 59]. For the following reasons, defendant's Motion for Summary Judgment will be granted.

### I. Background

This incident arises out of an automobile accident that occurred on or about May 30, 2002, in the Parish of Lafayette, Louisiana. Plaintiffs were traveling in a 2001 Mitsubishi Montero Sport when their vehicle was struck from behind and pushed into another automobile. Plaintiffs filed suit in the 15th Judicial District Court, Parish of Lafayette, State of Louisiana, asserting claims under the Louisiana Products Liability Act (LPLA). Defendant removed the case to federal court on July 23, 2003. *R. 3.* Defendant has filed a motion for summary judgment, contending that judgment as a matter of law should be granted pursuant to Federal Rule of Civil Procedure 56 because plaintiffs cannot meet their burden of proving the subject vehicle defective under the Louisiana Products Liability Act.

### II. Summary Judgment Standard

A motion for summary judgment shall be granted if the pleadings, depositions and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56; *Lit-tle v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir.1994)(en banc). When a party seeking summary judgment bears the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if such evidence were uncontroverted at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim. *Celotex Corp.*, 477 U.S. at 324, 106 S.Ct. 2548.

Once the movant produces such evidence, the burden shifts to the respondent to direct the attention of the court to evidence in the record sufficient to establish that there is a genuine issue of material fact requiring a trial. *Id.* The responding party may not rest on mere allegations made in the pleadings as a means of establishing a genuine issue worthy of trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Little*, 37 F.3d at 1075. If no issue of fact is presented and if the mover is entitled to judgment as a matter of law, the court is required to render the judgment prayed for. Fed.R.Civ.P. 56(c); *Celotex Corp.*, 477 U.S. at 322, 106 S.Ct. 2548. Before it can find that there are no genuine issues of material fact, however, the court must be satisfied that no reasonable trier of fact could have found for the nonmoving party. *Id.*

### III. Analysis

Defendant moves for summary judgment on the basis that plaintiffs have not met their burden of proof in stating a claim under the LPLA. Under the LPLA, a plaintiff may proceed under several theories of liability, including: (1) a defect in design; (2) a defect in construction or composition; (3) an inadequate warning;

(4) violation of an expressed warranty. LSA–R.S. 9:2800.51 et seq.

■ Plaintiffs allege defect in design of the subject vehicle's airbag system. *R. 1.* In order to recover on their claim, plaintiffs must first demonstrate that the design of the airbag system was unreasonably dangerous. LSA–R.S. 9:2800.51 et seq. Next, plaintiffs must show that the defective design actually caused their injuries. *Id.* Plaintiffs then must demonstrate the existence of an alternative design which would have prevented their injuries, and show that the alternative design was both technologically feasible and economically practical at the time that the defective product was manufactured. *Id.* Additionally, this alternative design must be shown to have no adverse effect on the utility of the product and offer a risk reduction with respect to the expected injury. *Id.*

■ Plaintiffs also allege a claim for failure to warn. *R. 1,* ¶ 10. In order to recover on their claim for failure to warn, plaintiffs must demonstrate that a dangerous characteristic existed in the product at the time it left the manufacturer's control or resulted from a reasonably expected alteration of the product. La. R.S. 9:2800.57. Additionally, plaintiffs must demonstrate that an alternative warning existed which, if provided, would have prevented their damages. *Id.* Plaintiffs must further prove that a causal relationship existed between the claimed defect and their injuries. La. R.S. 9:2800.54.

■ Defendant contends that, through discovery to date, plaintiffs have failed to provide sufficient evidence to allow them to carry their burden of proof under the LPLA. *R. 52,* at 9. Specifically, defendant draws the Court's attention to the fact that plaintiffs have failed to designate an expert, and argues that the lack of expert testimony on the issue of availability of an alternative design is fatal to plaintiffs'

claim under the LPLA. *Id.* In *Broussard v. Pennsylvania Millers Mutual Insurance Co.,* 406 So.2d 574, 576 (La.1981), the Louisiana Supreme Court upheld a directed verdict in favor of defendants in an action under the LPLA, holding that it is not possible for a jury to determine a product to be defective under the LPLA in the absence of expert testimony. Similarly, in *Traut v. Uniroyal,* 555 So.2d 655, 656 (La.App. 4 Cir.1989), the Louisiana Court of Appeals for the Fourth Circuit considered a case involving a tire blowout, in which plaintiff did not produce expert testimony as to its claim that the tire was defective. The trial court reversed the jury's finding in favor of the plaintiff, stating that the plaintiff had failed to meet her burden of proving a defect under the LPLA, and that "a defect cannot be inferred from the fact that an accident occurred." *Traut,* 555 So.2d at 656.

■ In the instant case, plaintiffs' claims center on whether or not plaintiffs' airbag should have inflated in the May 30, 2002 accident. Plaintiffs, in order to prevail on their claim, must demonstrate that the Mitsubishi vehicle's airbag system was unreasonably dangerous, that plaintiff's injuries resulted from the airbag's failure to deploy, and that a safer alternative design existed at the time of the vehicle's manufacture. *See* LSA–R.S. 9:2800.56. Plaintiffs, in opposition to summary judgment, have provided only one item of evidence, a sworn affidavit of plaintiffs' counsel, Mr. Jermaine Williams. In this affidavit, Mr. Williams avers that "through my research and preparation for litigation of this case, I have learned … that Mitsubishi in Japan has distributed vehicles with defects." *R. 55,* at 3. Mr. Williams' affidavit purportedly refers to several Japanese media articles which state that Mitsubishi officials have admitted to distributing vehicles with defects. These articles, Williams admits,

are in Japanese, however, Mr. Williams claims to have studied in Japan for several years and become fluent in the Japanese language. *R. 65*, footnote 4.

Federal Rule of Civil Procedure 56(e) requires that an affidavit supporting or opposing summary judgment to be made on personal knowledge. Mr. Williams' affidavit refers to articles Williams claims to have read, which are not in the record before the Court. Mr. Williams' averments are based on hearsay statements and may not be used for the purpose of opposing defendant's motion for summary judgment. *See Cormier v. Pennzoil Exploration*, 969 F.2d 1559, 1561 (5th Cir. 1992). The Court will therefore disregard Mr. Williams' affidavit.

Defendant, in support of its motion for summary judgment, presents the expert report of Gerald Corwin.[1] *R. 52*, Ex. F. Mr. Corwin's report explains his analysis of the design and function of the airbag system installed in the 2001 Mitsubishi Montero Sport. *Id.* Corwin testified that the vehicle's airbag system was designed to deploy only in frontal collisions where the direction of impact was 30 degrees or less. *Id., ¶ 5.* According to Corwin, the only significant collision in the subject accident was to the rear of the vehicle, and therefore the airbag should not have deployed. *Id.* Corwin's conclusion was that the vehicle's airbag system was designed properly and in conformance with the regulations of the industry. *Id.*

Additionally, defendants have forwarded deposition testimony of the doctors that treated plaintiffs following the collision, as well as the patrolman who investigated the accident. *R. 52*, at 16. According to Dr. Suzanne Dardeau, who treated Erica Campbell, the injuries sustained by Erica were consistent with those arising out of a rear-end collision. *Id.*, Ex. G. Dr. David Stornelli, who treated Treva Campbell, testified that her cervical soft tissue injuries were of the type of injuries that occurred generally in vehicular collisions, whether or not an airbag deployed. *Id.*, Ex. H.

Plaintiffs, in their amended memorandum in opposition, contend that the testimony given by Louisiana State Trooper Harold Williams during his deposition provides sufficient evidence to create a material issue of fact to defeat defendant's summary judgment request. *R. 65*, at 6. Plaintiffs point to Williams' statement that damage existed to a "little better than a quarter of the front bumper" as evidence that the vehicle sustained frontal damage sufficient to warrant deployment of the airbags. *See id.*, Ex. I. However, a reading of Trooper Williams' description of the collision testified that the damage to the vehicle resulted from three separate impacts: a rear impact, a lateral (side) impact occurring along the left front of the vehicle, and a lateral "swiping" impact to the side of the vehicle. *Id.* Contrary to plaintiffs' assertions, Williams' testimony that damage occurred to the front bumper does not equate to a determination that the vehicle sustained a frontal impact. *See id.* His opinion therefore supports Mr. Corwin's conclusion that the vehicle's airbag should not have deployed. *Id.*, Ex. I.

The evidence submitted by defendant in support of its motion for summary judgment demonstrates that the subject vehicle was not unreasonably dangerous, because

---

1. Gerald Corwin is a mechanical engineer employed by Carr Engineering, Inc. Corwin possesses a Bachelor of Science degree from Western Michigan University. He has worked as a design engineer from 1973 to 1990 with the Ford Motor Company and Chrysler Corporation. He has Specialized Professional Competence in design analysis, vehicle crashworthiness, accident reconstruction, and the application of the Federal Motor Safety Standards to automobiles. *R. 52*, Ex. F.

966

deployment of the airbags was unwarranted by the rear and lateral impacts sustained by the subject vehicle. Further, defendant's evidence indicates that the vehicle's airbag system did not possess a dangerous characteristic at the time that it left the manufacturer, as required to prove a failure to warn claim. To defeat defendant's motion, plaintiffs must forward admissible evidence to show that they can meet their burden of proof under the LPLA. Plaintiffs have failed to present competent summary judgment evidence to dispute the report and opinions provided by defendant, and therefore the Court must grant defendant's motion for summary judgment upon a conclusion that no genuine issue of material fact exists as to plaintiffs' claims of a design defect or failure to warn.

*Conclusion*

As to the motion for summary judgment filed by defendant Mitsubishi Motors of North America, the Court finds that plaintiffs have failed to forward any evidence to demonstrate the existence of a genuine issue of material fact as to their claims under the Louisiana Products Liability Act. For the foregoing reasons, the Court will grant defendant's motion for summary judgment, and plaintiffs' claims will be dismissed with prejudice.

**JUDGMENT**

In accordance with the Memorandum Ruling issued on this date,

IT IS ORDERED that the motion for summary judgment [Rec. Doc. 52] filed by defendant Mitsubishi Motors of North America is GRANTED.