**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 92-3651
_____

JERRY CHARLES, SR., ET AL.,

Plaintiffs,

JERRY CHARLES, SR.,

Plaintiff-Appellant,

VERSUS

UNITED STATES OF AMERICA, ET AL.,

Defendants-Appellees.

_____

Appeals from the United States District Court
for the Eastern District of Louisiana
_____
(February 18, 1994)

Before KING and EMILIO M. GARZA, Circuit Judges, and COBB,[*] District Judge.

EMILIO M. GARZA, Circuit Judge:

We withdraw our original opinion, reported at 7 F.3d 78, and reconsider our prior holding in light of the Louisiana Supreme Court's decision in *Brown v. Avondale Industries, Inc.,* 617 So.2d 482 (La. 1993). We now vacate and remand for further proceedings consistent with *Brown*.

The plaintiff, Jerry Charles, Sr., sued the United States under the Federal Tort Claims Act ("FTCA"), *see* 28 U.S.C. § 1346(b) (1988), for injuries he suffered while working on a painting and

_____

[*] District Judge for the Eastern District of Texas, sitting by designation.

sandblasting crew which was constructing a ship for the United States Navy. The district court granted summary judgment in favor of the government, *see* Fed. R. Civ. P. 56, on the grounds that the government was Charles's employer, and therefore it was immune from suit under the Louisiana worker's compensation statute. *See* La. Rev. Stat. Ann. § 23:1032 (West Supp. 1993). Charles appeals,[1] arguing that the government is not immune because he has received benefits, procured by his employer McDermott, Inc., under the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. §§ 901-950 (1988).

Charles left the Navy vessel on which he was working and was walking across McDermott's shipyard when a Navy employee ran into him with a Navy van. The FTCA makes the United States liable in tort

> for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b). The district court granted the government's motion for summary judgment on the grounds that the law of the place where the alleged act or omission occurred))the law of the state of Louisiana))immunized the government from suit even though Charles had received benefits under the LHWCA. The government is immune from suit under the Louisiana law because construction of

---

[1]     Intervenor McDermott, Inc. also appeals, adopting the brief submitted by Charles. For the sake of convenience, we refer only to Charles in discussing the arguments raised on appeal.

the ship on which Charles was working was part of the Navy's trade, business or occupation.[2]  However, under the LHWCA the government is not Charles' employer, and therefore is not immune from suit.[3]  In granting summary judgment, the district court relied on several decisions of the Louisiana courts of appeals which gave effect to Louisiana's statutory immunity defense even though the plaintiff had received benefits under the LHWCA.  *See Griffis v. Gulf Coast Pre-Stress Co., Inc.,* 563 So.2d 1254, 1254-55 (La. App. 1st Cir.), *writ denied,* 568 So.2d 1054 (1990); *Crater v. Mesa Offshore Co.,* 539 So.2d 88, 90-91 (La. App. 3d Cir.), *writ denied,* 542 So.2d 1382 (La.), *writ denied,* 543 So.2d 4 (La.), cert. denied, 493 U.S. 905, 110 S. Ct. 264, 107 L. Ed. 2d 214 (1989); *Lewis v. Modular Quarters,* 508 So.2d 975, 980-82 (La. App. 3d Cir.), *writ denied,*

---

[2]     In *Thomas v. Calavar Corp.,* 679 F.2d 416 (5th Cir. 1982), we stated:

> Under the law of Louisiana . . . the principal for whom a contractor is performing work is not liable in tort for negligent injuries suffered by the contractor's employees if the work is part of the principal's "trade, business, or occupation."  In those circumstances, the principal, as the "statutory employer" of the injured employees, is liable to them only under Louisiana's Workmen's Compensation Law.  This rule applies . . . to the United States . . . .

*Id.* at 419 (citing La. Rev. Stat. Ann. § 23:1032) (other citations omitted).  On the day of the accident Charles was working on a torpedo test craft which McDermott was constructing for the Navy.  According to the affidavit of a Navy official, vessels of that kind are "essential to the Navy's mission of constructing and deploying modern weapons systems to defend the United States from attack, as required by 10 U.S.C. § 7310."  *See* 10 U.S.C. § 7310 (West Supp. 1993) (directing the Navy to "develop plans and programs for the construction and deployment of weapons systems . . . that are more survivable, less costly, and more effective than those in the Navy on October 20, 1978").

[3]     *See* 33 U.S.C. § 905(a) (providing that "the liability of an employer prescribed in [the LHWCA] shall be exclusive and in place of all other liability of such employer to the employee"); *id.* § 904 (providing that "every employer shall be liable for and shall secure the payment to his employees" of compensation payable under the LHWCA).  The government does not contend that it is Charles' employer under the LHWCA, or that it is entitled to immunity from suit under that Act.

514 So.2d 127 (La. 1987), *cert. denied,* 487 U.S. 1226, 108 S. Ct. 2886, 101 L. Ed. 2d 920 (1988).

While this appeal was pending, however, the Supreme Court of Louisiana overruled those decisions, holding in *Brown v. Avondale Industries, Inc.* that immunity under the Louisiana worker's compensation statute is not available to an employer where its employee has elected to receive benefits under the LHWCA:

> Because the employee elected benefits under the [LHWCA], the state Act was not implicated. Defendant, even if it would be a statutory employer under the state Act, cannot claim the tort immunity provided to principals by that Act, because the conflicting provisions of the federal Act selected by the employee control.

*Id.*, 617 So.2d 482. Since *Brown,* the law of the State of Louisiana no longer provides statutory immunity in cases such as this one.[4]

The government contends that *Brown* does not represent the law of the place where the act or omission occurred because "the FTCA adopts state law without regard to whether that state law conflicts with, or has been preempted by, any other federal law," such as the LHWCA. According to the government, the "law of the place" to which the FTCA refers is the state law immunity provision, and not any conflicting federal law which the Louisiana courts may apply in its stead. We disagree. In *Richards v. United States,* 369 U.S. 1, 82 S. Ct. 585, 7 L. Ed. 2d 492 (1962), the Supreme Court held that the law of the place referred to by the FTCA is "the whole law of

---

[4]     "Generally, unless a decision specifies otherwise, it is given both retrospective and prospective effect." *Succession of Clivens,* 426 So.2d 585, 587 (La. 1982). The Supreme Court of Louisiana did not specify in *Brown* that that decision should be applied only prospectively. *Brown* applies to this case, which was pending on appeal when *Brown* was decided.

-4-

the State where the act or omission occurred." *Id.* at 11, 82 S. Ct. at 592. The plaintiffs in *Richards* were the personal representatives of individuals killed in an American Airlines crash in Missouri. *Id.* at 3, 82 S. Ct. at 588. They sued the United States under the FTCA in federal district court in Oklahoma, alleging that the government, through the Civil Aviation Agency, negligently failed to enforce federal laws and regulations at American Airlines' overhaul depot in Tulsa. *Id.* The question arose whether the "law of the place" referred to in the FTCA was the Oklahoma Wrongful Death Act or the Missouri Wrongful Death Act. *See id.* at 3-4, 82 S.Ct. at 588. Oklahoma courts would have applied the Missouri law under Oklahoma's choice of law rules because Missouri was the place where the alleged negligence had its operative effect. *See id.* at 4, 82 S. Ct. at 588. The *Richards* Court held that the "law of the place" referred to by the FTCA is the whole law of the state, including the state's choice of law rules, such that Missouri law controlled the case. *Id.* at 16, 82 S. Ct. at 594-95. The Court relied on the FTCA's command that the government be held liable "under circumstances where the United States, if a private person, would be liable," and reasoned that application of the state's choice of law rules would be most consistent with that mandate. *Id.* at 11-12, 82 S. Ct. at 592.

By the same token, if the government is to be liable "under circumstances where the United States, if a private person, would be liable," we must apply the LHWCA's immunity rule if that is the rule which the courts of Louisiana would apply. *See Caban v.*

-5-

*United States,* 728 F.2d 68, 72 (2nd Cir. 1984) ("Applying the state's `whole law' requires that we look to whatever law, including federal law, the state courts would apply in like circumstances involving a private defendant." (citations omitted)).[5] Therefore, in light of the Supreme Court's holding in *Richards* that "the whole law of the state" must be applied under the FTCA, the Louisiana Supreme Court's holding in *Brown* represents the law of the place where the act or omission occurred. Because the district court's decision granting summary judgment in favor of the government is inconsistent with *Brown,* we vacate and remand for further proceedings.

---

[5]     In *Johnson v. United States,* 576 F.2d 606 (5th Cir. 1978), we held that, despite *Richards'* holding that the whole law of the state applies under the FTCA, federal courts in FTCA cases should apply federal rules of res judicata and collateral estoppel in determining the preclusive effect of a prior federal judgment. *See id.* at 612. We distinguished *Richards* on the grounds that "its holding . . . concerned conflicts of laws principles))principles that affect the substantive liability of parties to an action." *Id.* at 611. We further noted that, "while it has been widely held . . . that state law governs the liability of the parties in Federal Tort Claims actions, these cases overwhelmingly concern the elements of causes of action, defenses, or damages that a party may claim, rather than issues of internal court procedure or the relationships between courts." *Id.* Because the issue in this case concerns the availability of statutory immunity from suit, which plainly "affect[s] the substantive liability" of the parties, we are guided by *Richards* rather than *Johnson.*