644 So.2d 799 (1994)
Ronald J. BAUDOIN, et al.
v.
McDERMOTT, INC., et al.
No. 93 CA 2084.
Court of Appeal of Louisiana, First Circuit.
October 7, 1994.
*800 Jacques B. Favret, Baton Rouge, for plaintiff-appellant, Ronald J. Baudoin.
J. Louis Gibbens, New Iberia, for defendant-appellee, McDermott, Inc.
Joseph A. Lococo, Metairie, for intervenor, Joseph A. Lococo.
J. Daniel Picou, Metairie, for Robichaux Equipment, Inc.
Marc D. Moroux, Lafayette, for Ins. Co. of North America.
Paul D. Gibson, Lafayette, for American Crane Corp.
Albert C. Miranda, Metairie, for General Motors Corp.
Before LOTTINGER, C.J., and SHORTESS and CARTER, JJ.
SHORTESS, Judge.
This case arises out of an accident which occurred February 28, 1991, in Amelia, Louisiana, at the shipyard of McDermott Incorporated (McDermott). Ronald Baudoin (plaintiff) was employed as a mechanic by Henry's Diesel, Inc. He was called to McDermott's shipyard by Robichaux Equipment, Inc. (Robichaux's) to repair a crane it owned but leased to McDermott. While working on the crane, plaintiff slipped and fell against an unprotected starter button, engaging the engine while holding a blower attached to the engine. Several of plaintiff's fingers were amputated when the blades on the blower began to spin.
Plaintiff filed suit against McDermott and Robichaux, among others. Insurance Company of North America (INA) intervened to recover sums paid to plaintiff as the worker's compensation insurer for Henry's Diesel. McDermott filed a motion for summary judgment seeking dismissal on grounds that it did not have the legal garde or custody of the crane at the time of the accident. Robichaux's also filed a motion for summary judgment seeking dismissal on grounds that it was plaintiff's statutory employer and immune in tort under the Louisiana Worker's Compensation Law. The trial court granted both motions, dismissing these defendants. Plaintiff appeals these judgments.

I. McDermott's Motion for Summary Judgment
In support of its motion, McDermott submitted the affidavit of Ivan Sharp, who oversees rental equipment for McDermott. Sharp stated that McDermott had rented the crane, but the rental agreement terminated February 25, three days prior to the accident. He further stated that McDermott allowed Robichaux's to leave the crane on the premises after the rental agreement expired, but it was not being used by McDermott on February 28, 1991. McDermott also submitted a copy of the lease agreement with its motion.
The trial court found that McDermott's rights to use of the crane derived from its lease and that the lease had expired. The trial court further found that "[t]he fact that *801 the crane yet remained on the premises of McDermott does not change that since the premises did not contribute in any respect to what occurred."
McDermott's alleged liability in this case is based on article 2317 of the Louisiana Civil Code. Strict liability under article 2317 imposes liability based on custody and not ownership. Custody, distinct from ownership, refers to a person's supervision and control (garde) over a thing posing an unreasonable risk of harm. Thumfart v. Lombard, 613 So.2d 286, 290 (La.App. 4th Cir.), writ denied by Montalbano v. Lombard, 617 So.2d 1182 (La.1993). The garde is the obligation imposed by law on the proprietor of a thing, or on one who avails himself of it, to prevent it from causing damage to others. The fault of the person thus liable is based upon one's failure to prevent the person or thing from causing unreasonable injury to others. Loescher v. Parr, 324 So.2d 441, 446 (La. 1975).
The determination of the existence of a duty under article 2317 is made through a process of policy considerations similar to that used in determining other delictual duties. King v. Louviere, 543 So.2d 1327, 1329 (La.1989); Bertini v. Turncliff, 607 So.2d 813, 816 (La.App. 1st Cir.1992), writ denied, 610 So.2d 817 (La.1993). Ownership allows a presumption of custody. However, absence of ownership does not end the inquiry of 2317 liability. Doughty v. Insured Lloyds Ins. Co., 576 So.2d 461, 464 (La.1991); Thumfart, 613 So.2d at 290.
Whether the law imposes a duty of garde is a factual inquiry. Doughty, 576 So.2d at 464; King, 543 So.2d at 1330. In this case, the trial court erred by finding that no issue of material fact existed regarding McDermott's garde over the crane.
Although the lease shows the rental term ended on February 25, the lease also contains a clause which renews the lease according to the same terms if the lessee retains the property. Sharp admitted McDermott allowed the property to remain on its premises. Thus, the lease and the affidavit do not conclusively establish McDermott had lost its rights to use the crane, nor do they establish McDermott no longer had any responsibility as the guardian of the crane. The fact that the crane was in McDermott's physical custody at the time of the accident is suggestive of a degree of control. Plaintiff could not have obtained access to work on the crane had McDermott not allowed him to enter the property and begin his work.
The trial court indicated in its reasons that the allegation that a new lease was being negotiated did not create an issue of material fact. However, McDermott presumably would not have an interest in renewing the lease on a broken crane. The repair work on the crane would have directly benefitted McDermott if a new lease on the equipment was negotiated.
Furthermore, while McDermott apparently did not have complete responsibility, it admitted that it did have some responsibility for maintenance of the crane. A question of fact exists concerning whether these responsibilities imposed a duty of garde on McDermott. And because the lease suggests the rental term may have been automatically renewed, a question of fact exists regarding whether these responsibilities ended on February 25 with the termination of the initial term.
On a motion for summary judgment, it must first be determined that the supporting documents presented by the moving party are sufficient to resolve all material issues of fact. If they are insufficient, summary judgment should be denied. It is only if they are sufficient that the burden shifts to the opposing party to present evidence that a material fact is still at issue. Robertson v. Our Lady of Lake Regional Medical Center, 574 So.2d 381, 384 (La.App. 1st Cir.1990), writ denied, 573 So.2d 1136 (La.1991). In this case, McDermott's supporting documents fail to resolve the issues of fact concerning its garde over the crane. On the contrary, the lease itself actually creates issues of fact rather than resolves them.
Therefore, the trial court committed legal error in granting McDermott's motion for summary judgment.

*802 II. Robichaux's Motion for Summary Judgment
Robichaux's motion for summary judgment was granted on the basis that it was plaintiff's statutory employer and, therefore, had immunity provided by the Louisiana Worker's Compensation Law.
In an affidavit supporting the motion for summary judgment, Paul Robichaux, owner and president of Robichaux's, stated that on the morning of the accident Robichaux's was required to perform repair work on the crane which was under lease to McDermott. Because Robichaux's was short-handed, it contracted the work out to Henry's Diesel, who sent plaintiff. He further stated that the work done by plaintiff was regular and ordinary work which constituted a part of Robichaux's regular business practices.
Plaintiff does not contest that Robichaux's was his statutory employer. However, he argues he did not receive compensation under the Louisiana Worker's Compensation Law and therefore Robichaux's is not entitled to the immunity provided to statutory employers by that statute.[1] Plaintiff claims he received compensation from Henry's Diesel's insurer pursuant to the Longshoremen and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq. (LHWCA) and therefore his rights should be determined according to the federal statute. Under the LHWCA, the contractor is considered an employer only when the claimant fails to obtain benefits from the subcontractor. 33 U.S.C. § 905(a).[2]
The Louisiana Supreme Court, in Brown v. Avondale Indus., 617 So.2d 482 (La.1993), overruled prior jurisprudence which allowed a contractor to use the state law statutory immunity defense when a claimant was receiving LHWCA benefits from the subcontractor. The court stated:
The injured employee received worker's compensation benefits under 33 U.S.C. § 905(a) ... during the time of concurrent jurisdiction with the Louisiana Worker's Compensation Act. Because the employee elected benefits under the federal Act, the state Act was not implicated. Defendant, even if it would be a statutory employer under the state Act, cannot claim the tort immunity provided to principals by that Act, because the conflicting provisions of the federal Act selected by the employee control.
Id.
At the time Brown's claim arose, a claimant was not excluded from coverage by the Worker's Compensation Law if he was covered by another federal law.[3] Revised Statute 23:1225 D, as it existed prior to January 1, 1990, allowed concurrent jurisdiction. If a plaintiff chose compensation by the federal law, however, under state law he could not also receive state worker's compensation benefits. In Brown, the court found that because the plaintiff elected benefits under LHWCA, the state act was not implicated.
In this case, however, Robichaux's claims that INA made the decision to pay plaintiff's benefits under LHWCA, rather than plaintiff electing to receive federal benefits. The courts have held that in order to be a binding election of benefits, the choice must be the employee's and not the employer's. Jackson v. American Mutual Liability Ins. Co., 584 So.2d 348, 350 (La.App. 3d Cir.), writ denied, 589 So.2d 1075 (La.1991).
The law, however, has changed. In 1989, Revised Statute 23:1225 D was repealed and Revised Statute 23:1035.2 was added, which excludes certain employees from the Worker's Compensation Law who are covered by other federal laws. The statute now provides:

*803 No compensation shall be payable in respect to the disability or death of any employee covered by the Federal Employer's Liability Act, the Longshore and Harbor Worker's Compensation Act, or any of its extensions, or the Jones Act.
The repeal of 23:1225 D and the addition of 23:1035.2 effectively eliminated concurrent jurisdiction. Thus, the law since January 1, 1990, excludes an injured party from the Louisiana Worker's Compensation Law if that person is covered by the LHWCA. Under the present scheme, the relevant question is not whether plaintiff or INA elected federal benefits, but whether plaintiff is covered by the federal act. Thus, plaintiff's argument that plaintiff did not elect to receive LHWCA benefits is irrelevant.
Nevertheless, questions of material fact exist regarding whether plaintiff was actually covered by LHWCA. Robichaux's claims plaintiff was a shoreside mechanic, not a longshoreman or a harbor worker, and that he was paid LHWCA benefits by mistake. If plaintiff was not entitled to benefits under LHWCA, he was not covered by LHWCA. Thus, the state worker's compensation law could still be implicated.
The trial court committed legal error by granting Robichaux's motion for summary judgment. Genuine issues of material fact exist regarding whether plaintiff is covered by the LHWCA.
The judgments of the trial court dismissing McDermott, Inc., and Robichaux Equipment, Inc., are reversed, and this case is remanded to the trial court for further proceedings.
REVERSED AND REMANDED.
NOTES
[1] Revised Statute 23:1032 shields the statutory employer from tort liability.
[2] "[A] contractor shall be deemed the employer of a subcontractor's employees only if the subcontractor fails to secure the payment of compensation as required by section 904 of this title."
[3] In Sun Ship Inc. v. Pennsylvania, 447 U.S. 715, 100 S.Ct. 2432, 65 L.Ed.2d 458 (1980), the Supreme Court held that a state may apply its worker's compensation scheme to land-based injuries that fall within coverage of the LHWCA. The court found that the LHWCA supplements rather than supplants state worker's compensation schemes.