**Linda KERR, et al.**

v.

**SMITH PETROLEUM CO., et al.**

Civ. A. No. 94–1711.

United States District Court, E.D. Louisiana.

Dec. 7, 1995.

Order Denying Reconsideration Dec. 13, 1995.

Charles W. Dittmer, Jr., Dittmer & Hartman, Metairie, LA, for Linda Kerr, Jerry Kerr.

Susan A. Daigle, Broussard, David & Daigle, Lafayette, LA, for Smith Petroleum Co., Inc.

Edward Settoon Johnson, Salvador Joseph Pusateri, Johnson, Johnson, Barrios & Yacoubian, New Orleans, LA, for Grasso Production Management, Inc.

Jon Daniel Picou, Richard E. Jussaume, Jr., Leininger, Larzelere & Picou, Metairie, LA, for K.E. Resources, Ltd.

C. Shannon Hardy, Daigle, Longman, Russo & Zaunbrecher, Perret, Doise, Lafayette, LA, Edwin G. Preis, Jr., Laura Katherine Austin, Preis & Kraft, Lafayette, LA, for Arcadia Investment Corporation J.J.R. Inc.

Musa Rahman, Louisiana Workers' Compensation Corp., Baton Rouge, LA, for Louisiana Workers' Compensation Corporation.

## ORDER AND REASONS

JONES, District Judge.

Pending before the Court are motions for summary judgment by defendants J.J.R., Inc., and Arcadia Investments, Inc., as to plaintiffs' claims. The motions were submitted on memoranda only without oral argument on a previous date. Having reviewed the memoranda of the parties, the record and the applicable law, the Court GRANTS the motions.

### Background

Plaintiffs filed this tort matter on May 23, 1994, seeking damages as a result of injuries that plaintiff Jerry Kerr Sr. allegedly sustained on an offshore platform on the Outer Continental Shelf owned, operated and/or maintained by defendants Grasso Production Management, Inc. and/or Smith Petroleum Company. (R.Doc. 1.)[1] Both Grasso Pro-

---

1. Hereafter the Court will refer to these parties as "Grasso Production" and "Smith Petroleum," respectively.

duction and Smith Petroleum answered in July 1994 (R.Docs. 2 and 3), and shortly thereafter in September 1994 plaintiffs filed an unopposed motion to amend their complaint, which was granted by the judge to whom this case was previously allotted. (R.Doc. 7.) The amended complaint added as defendants K.E. Resources, Ltd.; Arcadia Investment Corporation;[2] and J.J.R., Inc. (R.Doc. 8.) The amended complaint further alleged that these three new defendants owned and/or operated the production platform where plaintiff was allegedly injured and were liable "jointly, severally and *in solido*" with the other two defendants. *Id.*, Paragraph 5.

The Court then granted summary judgment in favor of Grasso Production, Smith Petroleum and K.E. Resources on the basis that, under the undisputed facts, they qualified as Jerry Kerr's statutory employers under Louisiana law. (R.Docs. 66, 72 and 77.)

Following the entry of these orders, J.J.R., Inc. (hereinafter "JJR") and Arcadia Investments, Inc. (hereinafter "Arcadia") appeared in this lawsuit and, instead of answering, filed the instant motions for summary judgment. They contend that they are entitled to summary judgment on the same basis as that relied on by Smith Petroleum and K.E. Resources, *i.e.*, that they qualify as the statutory employers of plaintiff Jerry Kerr by virtue of the "trade, business, or occupation" theory of Louisiana law. *See* LSA–R.S 12:1061.[3]

In opposition plaintiffs contend that the defense of statutory employer is barred by *Brown v. Avondale Industries, Inc.*, 617 So.2d 482 (La.1993) because plaintiff has elected to receive compensation under the Longshoremen's and Harbor Workers' Com-

pensation Act, 33 U.S.C. § 901 *et seq.* (hereinafter "LHWCA").

### Law and Application

Defendants are entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

Notwithstanding the plaintiffs' contention in their complaint that plaintiff was injured on a platform located on the Outer Continental Shelf, there is no genuine issue of material fact that plaintiff was working on a platform in Louisiana waters when he was allegedly injured.[4] Therefore, the question is whether JJR and Arcadia qualify as Jerry Kerr's statutory employers as a matter of law.

■ The Court first addresses and dismisses plaintiffs' opposition argument for the same reasons as set forth in the "Orders and Reasons" granting summary judgment in favor of Grasso Production, Smith Petroleum and K.E. Resources.[5]

According to plaintiffs' memorandum in opposition, plaintiff "elected" to be paid worker's compensation benefits under the LHWCA. However, according to the undisputed facts of this matter, plaintiff fails to meet the situs and status tests necessary to fall within the LHWCA. *See Miles v. Delta Well Surveying*, 777 F.2d 1069, 1071 (5th Cir.1985). At the time of his alleged injury, plaintiff was not performing any "maritime activity," as that term is legally defined, just as the plaintiff in *Miles* was not performing maritime activity when he was injured while cleaning floors on a compressor station. *Id.* at 1070–71. Instead, Jerry Kerr was walking

---

2. The proper name of this defendant is apparently Arcadia Investments, Inc.

3. In their memoranda in support, which are identical except for the parties' names, JJR and Arcadia adopt the arguments contained in the motions for summary judgment filed by Smith Petroleum and K.E. Resources. (R.Docs. 81 and 82.)

4. JJR's and Arcadia's "Statements of Uncontested Material Facts," Nos. 7 and 8, attached to

their memoranda in support (R.Docs. 81 and 82), which are admitted by plaintiffs. "Answer to Statement of Uncontested Material Facts," attached to plaintiffs' memorandum in opposition. (R.Doc. 93.) *See also Order and Reasons*, June 13, 1995, p. 9, n. 6 (discussing plaintiffs' concession of this fact in their argument on lack of jurisdiction as to Grasso Production's motion for summary judgment). (R.Doc. 66.)

5. R.Docs. 66, 72 and 77.

across the grating of a well at the time of his injury.[6] Additionally, at the time of his injury, plaintiff was not working on the Outer Continental Shelf. Thus, he could not have fallen within the ambit of the LHWCA under the Outer Continental Shelf Lands Act, 43 U.S.C. § 1333(b). *Miles,* 777 F.2d at 1071.

Despite not meeting the status and situs tests, plaintiff undauntingly argues that he "elected" LHWCA benefits and thus is entitled to the protection set forth by the Louisiana Supreme Court *Brown v. Avondale Industries, Inc.,* 617 So.2d 482 (La.1993). In *Brown* the Louisiana Supreme Court found that when an employee elects to receive LHWCA benefits, the statutory employer defense under Louisiana law is not available. *Id.*

However, the Court finds that *Brown* is inapplicable because the underlying facts of *Brown* show that the plaintiff was entitled to elect LHWCA benefits as a worker on a vessel. *See Brown v. Avondale Industries, Inc.,* 612 So.2d 315, 316 (La.App. 5th Cir. 1993). Here, however, plaintiff was not working on a vessel and was not working on the Outer Continental Shelf. As a result, neither JJR nor Arcadia are precluded from claiming the statutory employer defense under *Brown* just because there was an apparent error by plaintiff's nominal employer in payment of LHWCA benefits to plaintiff instead of state worker's compensation benefits, whether plaintiff "elected" LHWCA benefits or not.[7]

The Court's decision is buttressed by the ruling in *Baudoin v. McDermott, Inc.,* 644 So.2d 799 (La.App. 1st Cir.1994). That case arose from an accident at McDermott's shipyard. *Id.* at 800. Plaintiff slipped and fell while repairing a crane owned by Robichaux Equipment, Inc. (hereinafter "Robichaux"),

which caused his injuries. *Id.* After suing both McDermott and Robichaux, Robichaux moved for summary judgment on the grounds that it was plaintiff's statutory employer and immune in tort under the Louisiana Worker's Compensation Law, *id.,* the same law implicated in this case. In opposition, the plaintiff did not contest that he was Robichaux's statutory employee but contended that Robichaux was not entitled to summary judgment because he had received compensation from his employer's insurer under the LHWCA. *Id.* at 802. The court reviewed the history of *Brown* and noted that under the facts of that case the injured employee received LHWCA compensation benefits at a time during concurrent jurisdiction between the LHWCA and the Louisiana Worker's Compensation Law. *Id.* The court of appeal further reviewed the various changes in Louisiana statutory law since 1989 and 1990 that eliminated such concurrent jurisdiction and then phrased the issue as follows: "[u]nder the present scheme, the relevant question is not whether plaintiff or [his employer's insurer] elected federal benefits, but whether plaintiff is covered by the federal act." *Id.* at 803. The court concluded:

> [Q]uestions of material fact exist regarding whether plaintiff was actually covered by the LHWCA. [Robichaux] claims plaintiff was a shoreside mechanic, not a longshoreman or a harbor worker, and that he was paid LHWCA benefits by mistake. If plaintiff was not entitled to LHWCA benefits, he was not covered by the LHWCA. Thus, the state worker's compensation law would still be implicated.

*Id.*

Because the undisputed facts in the present case show that plaintiff was not covered

---

6. JJR's and Arcadia's "Statements of Uncontested Material Facts," No. 7, attached to their memoranda in support (R.Docs. 81 and 82), which is admitted by plaintiffs. "Answer to Statement of Uncontested Material Facts," attached to plaintiffs' memorandum in opposition. (R.Doc. 93.)

7. This conclusion mirrors the Court's holding on Grasso Production's motion for summary judgment, "Order and Reasons," (R.Doc. 66), which also forms the basis of the Court's decision on Smith Petroleum's and K.E. Resources' motions

for summary judgment. "Orders and Reasons," (R.Docs. 72 and 77).

The Court also notes that because of its rationale, *Charles v. United States,* 15 F.3d 400 (5th Cir.1994)—the only Fifth Circuit case discussing *Brown*—is distinguishable. In *Charles* there was no dispute that under the facts plaintiff was entitled to LHWCA benefits, *id.* at 401–402 and nn. 2 and 3, quite obviously as a "shipbuilder." 33 U.S.C. § 902(3).

by the LHWCA, Louisiana's Worker's Compensation Law, including its statutory employer defenses, is implicated.

█ As explained in the Court's prior rulings, this does not complete the inquiry, however. The issue remains whether JJR or Arcadia legally meet the standard as statutory employers under their adopted argument.

The Court concludes that on the record before it they qualify as statutory employers under the theory of "trade, occupation or business" pursuant to *Rosskamp v. Phillips Petroleum Company*, 992 F.2d 557, 558 (5th Cir.1993). In *Rosskamp*, the plaintiff, an employee of Kerr McGee Corporation, sued Phillips Petroleum for injuries he sustained on a Louisiana platform owned equally by Kerr McGee and Phillips Petroleum but operated by Kerr McGee under a joint operating agreement. *Id.* at 558. The Fifth Circuit found that "[a] non-operating owner may indeed be a principal [under Louisiana law] and therefore a statutory employer immune from tort liability." *Id.*

> The statute [LSA–R.S. 23:1061] does not imply that a principal must undertake actual operations of the facility where the injury occurred. The statutory requirement is only that Phillips "undertake to execute work" within its trade, business, or occupation.... Phillips meets the requirement: it undertook to execute work that was part of its business by entering into a mineral lease, investing in the platform to expand its mineral production business, and contracting with Kerr McGee to operate the platform.

*Id.* at 559.

It is undisputed in this case that the co-owners of the offshore well at issue are Smith Petroleum, K.E. Resources, Arcadia, and JJR.[8] Hence, as with Smith Petroleum

and K.E. Resources, the Court holds that Arcadia and JJR are entitled to summary judgment pursuant to *Rosskamp* because they also were owners of the platform at issue engaged in its business of mineral production.

Accordingly,

IT IS ORDERED that the motions for summary judgment filed by J.J.R., Inc., and Arcadia Investments, Inc. are GRANTED.

## ORDER AND REASONS

Pending before the Court is a "Motion for Reconsideration" by cross-defendant Grasso Production Management, Inc., as to the Court's "Order and Reasons" granting summary judgment in favor of cross-claimant Smith Petroleum Co.[1] The motion was submitted on memoranda only without oral argument on a previous date. Having reviewed the memoranda of the parties, the record and the applicable law, the Court DENIES the motion.

### Background

As set forth in the previous "Order and Reasons," plaintiffs filed this tort matter on May 23, 1994, seeking damages as a result of injuries that plaintiff Jerry Kerr Sr. allegedly sustained on an offshore platform on the Outer Continental Shelf owned, operated and/or maintained by defendants Grasso Production Management, Inc. (hereinafter "Grasso Production"), Smith Petroleum Company (hereinafter "Smith Petroleum"), and other defendants.[2] Both Grasso Production and Smith Petroleum answered in July 1994,[3] and shortly thereafter in September 1994 Smith Petroleum filed a cross-claim against Grasso Production, seeking tort indemnity and/or contribution as well as contractual indemnity.[4]

---

8. JJR's and Arcadia's "Statements of Uncontested Material Facts," No. 1, attached to their memoranda in support (R.Docs. 81 and 82), which is admitted by plaintiffs. "Answer to Statement of Uncontested Material Facts," attached to plaintiffs' memorandum in opposition. (R.Doc. 93.) *See also* Smith Petroleum's "Statement of Uncontested Facts," attached to its motion for summary judgment (R.Doc. 45), which were uncontested by plaintiffs except as to their contentions as to election of LHWCA benefits; which was previously addressed. Plaintiffs' "Answer to

Statement of Uncontested Material Fact (sic)." (R.Doc. 68.)

1. R.Doc. 79.

2. R.Docs. 1 and 8.

3. R.Docs. 2 and 3.

4. R.Doc. 10.

Following the filing of these cross-motions, the Court ruled that all defendants who had appeared in the lawsuit as of that time were entitled to summary judgment on plaintiffs' claims pursuant to tort immunity as plaintiff Jerry Kerr's statutory employers.[5] These decisions were based, in part, on the undisputed fact that, notwithstanding the plaintiffs' contention in their complaint that Jerry Kerr was injured on a platform located on the Outer Continental Shelf, he was working on a platform in Louisiana waters when he was allegedly injured.[6]

Both Grasso Production and Smith Petroleum filed motions for summary judgment on the cross-claims.[7] As to the issue of tort indemnity and/or contribution, the Court granted Grasso Production's motion in part but denied it in part.[8] As to the question of whether Smith Petroleum was entitled to contractual indemnity, the Court granted Smith Petroleum's motion for summary judgment.[9] The Court held that, pursuant to *Melancon v. Amoco Production Co.,* 834 F.2d 1238, 1248, *modified on other grounds,* 841 F.2d 572 (5th Cir.1988), the Louisiana Oilfield Indemnity Act, LSA–R.S. § 9:2780, did not void the contractual indemnity clause between Smith Petroleum and Grasso Production.[10] The Court's rationale was based on the fact that there had been no holding that Smith Petroleum was negligent or at fault since plaintiffs' claims again Smith Petroleum were barred by the determination that Smith Petroleum qualified as Jerry Kerr's statutory employer.[11]

In the instant motion Grasso Production seeks reconsideration of the Court's ruling on the basis of the recent Louisiana appellate court decision in *Phillips Petroleum Co. v. Liberty Services, Inc.,* 657 So.2d 405 (La.

App. 3rd Cir.1995). Smith Petroleum counters that the Court's decision was based on *Melancon,* which has not been overruled and which this Court is bound to follow.

### Law and Application

Because no judgment has been entered in this matter as to plaintiffs' claims against any defendant or as to the cross-claims between Grasso Production and Smith Petroleum, any order of this Court "is subject to revision at any time before the entry of judgment adjudicating all of the claims and the rights and liabilities of all the parties." Fed.R.Civ.P. 54(b).[12] However, upon review of the basis for Grasso Production's motion for reconsideration, the Court declines to revisit its earlier decision.

 Grasso Production urges this Court to adopt *Phillips Petroleum, supra,* notwithstanding the Fifth Circuit's decision in *Melancon.* The Court refuses because "[i]t has long been established that a legally indistinguishable decision of this court must be followed by other panels of this court and district courts unless overruled *en banc* or by the United States Supreme Court." *Campbell v. Sonat Offshore Drilling, Inc.,* 979 F.2d 1115, 1121, n. 8 (5th Cir.1992). The only exception to this rule is when state law supplies the rule of law, the state's highest court has not ruled on the issue, a state intermediate court issues a decision at odds with a federal court decision, and the federal decision has not yet become final. *Lavespere v. Niagara Machine & Tool Works, Inc.,* 920 F.2d 259, 260 (5th Cir.1990).

The ruling in *Melancon* has long since been final, and the Court finds that the facts of this case make it legally indistinguishable

---

**5.** These defendants were Grasso Production, Smith Petroleum and K.E. Resources, Ltd. (R.Docs. 47, 66, 72, 77 and 78.) Since that time, the Court has also granted summary judgment in favor of defendants J.J.R., Inc., and Arcadia Investments, Inc. (R.Doc. 98.)

**6.** Plaintiffs conceded this point in making their argument on lack of jurisdiction as to Grasso Production's motion for summary judgment. *See* "Order and Reasons," June 13, 1995, p. 9, n. 6 (R.Doc. 66).

**7.** R.Docs. 39 and 45.

**8.** R.Doc. at 79, p. 4.

**9.** *Id.* at 6–7.

**10.** *Id.* at 7.

**11.** *Id.*

**12.** By citing this rule, the Court does not imply that it invites any motions seeking "Rule 54(b)" judgments adjudicating any issues previously resolved by the Court.

from *Melancon.* Hence, this Court is bound to follow *Melancon,* whether *Phillips* agrees with the Fifth Circuit or not. Moreover, Grasso Production has not shown—and the Court's independent review has not revealed—that the Fifth Circuit has reconsidered its decision in *Melancon* based upon *Phillips* or any other case, including but not limited to any ruling by the Louisiana Supreme Court.

Accordingly,

IT IS ORDERED that the "Motion for Reconsideration" filed by Grasso Production Management, Inc., as to the Court's "Order and Reasons" granting summary judgment in favor of Smith Petroleum, Inc., on its cross-claim, is DENIED.