| iBARRY, Judge.
Sheila St. Amant Kolwe appeals a default judgment for $86,429.00. Plaintiff Valerie Haynes answered the appeal to increase the damages. We hold that the evidence was insufficient to confirm the default. We vacate the judgment and remand.

Facts

On the afternoon of November 1, 1994, Valerie C. Haynes was allegedly injured in St. Roch Cemetery No. 2 when she tripped on an elevated concrete slab (apron) beneath a raised tomb. The apron was seven and a half inches high and extended horizontally several inches beyond the base of the tomb that allegedly belonged to John Lagattuta' and Catherine Scandurro Lagattuta. Haynes and her daughter Trudy Cooper sued New Orleans Arehdiocesan Cemeteries, The Roman Catholic Church of the Archdiocese of New Orleans, and John and Catherine Lagattuta. They alleged that the New Orleans Arehdiocesan Cemeteries and the Catholic Church of New Orleans owned, maintained, and had garde of the cemetery and that the Lagattutas owned, maintained, and had garde of the tomb. They -alleged strict liability and negligence.
Rln the first amended petition, Haynes and her daughter named multiple additional defendants including Sheila M. St. Amant Kolwe, the alleged co-owners of the tomb by virtue of a Judgment of Possession rendered October 8, 1986 in the Succession of Catherine Scandurro Lagattuta. The amended petition did not specifically allege that Kolwe had garde of the tomb, apron, or cemetery.
Kolwe did not file an answer. A preliminary default was entered on June 3, 1997. The default was confirmed on June 17, 1997. Kolwe argues that plaintiffs did not submit prima facie evidence 1) that Kolwe owned and had garde of the tomb and concrete apron and 2) that there was a defect. Kolwe further argues that she was not at fault, that Haynes was negligent, and that the Archdiocese was partly responsible.

Burden of Proof

A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie ease. La.C.C.P. art. 1702 A. A plaintiff seeking to obtain a default judgment must establish the elements of a-prima facie case with competent evidence, as fully as though each allegation in the petition had been denied. Orleans Sheet Metal. Works & Roofing, Inc. v. Landis Company, Inc., 96-0029, p. 2 (La.App. 4 Cir. 7/24/96), 678 So.2d 73, 74. The evidence must show that it is probable the plaintiff would prevail at a trial on the merits. Id., citing Sessions & Fishman v. Liquid Air Corp., 616 So.2d 1254, 1258 (La.1993).
Plaintiffs alleged strict liability and negligence. The judgment did not specify the theory upon which liability was based.
To establish strict liability under the law in effect when Haynes was injured, the plaintiff must prove that the defendant had custody or garde of the thing, it contained a vice or defect that created an unreasonable risk of harm, and the defect ^caused the *501 damage.[1] Spott v. Otis Elevator Co., 601 So.2d 1355, 1363 (La.1992). Ownership allows a presumption of custody but does not end the inquiry. Baudoin v. McDermott, Inc., 93 2084, p. 3 (La.App. 1 Cir. 10/7/94), 644 So.2d 799, 801. Custody, distinct from ownership, refers to a person’s supervision and control (garde) over a thing. Id. Garde is the “legal responsibility for its care of keeping.” Loescher v. Parr, 324 So.2d 441, 447 n. 6 (La.1975).
Negligence is examined under the duty-risk analysis. The plaintiff must prove cause-in-faet, duty, breach, legal causation, and damages. Wilson v. City of New Orleans, 95-2129, p. 4 (La.App. 4 Cir. 4/30/97), 693 So.2d 344, 347, unit den. 97-1701 (La. 10/13/97), 703 So.2d 613.

Analysis

Kolwe argues that the evidence did not show that she owned or had garde of the concrete apron over which Haynes fell. That argument has merit.
La.R.S. 8:308 allows for the sale of a cemetery space, defined by La.R.S. 8:1(12) as “one or more graves, crypts, niches or lawn crypts used or intended to be used for the interment of human remains.” Each cemetery authority must keep a record of the ownership of each interment space in the cemetery, and no transfer is complete or effective until recorded in the official records of the cemetery authority. La.R.S. 8:314. Except as otherwise provided by statute, every right of cemetery space shall be subject to Louisiana community property and inheritance law. La.R.S. 8:803.
The record contains a Title dated November 28, 1967, which conveyed to Catherine Scandurro Lagattuta “the right, servitude or easement for burial in” LotU8-10, Square D, Section “Range 6A,” in St. Roeh cemetery No. 11. The February 21, 1996 affidavit of Michael D. Boudreaux, Director of New Orleans Archdioeesan Cemeteries, stated that the certificate of title was on record with the cemetery authority. In a Perpetual Care Agreement dated March 27, 1986, New Orleans Archdiocesan Cemeteries agreed to maintain the double width granite Lagattuta tomb. Haynes also submitted a Judgment of Possession dated October 9, 1986 which declared the intestate succession of Catherine Scandurro Lagattuta opened and which recognized Kolwe as an intestate heir entitled to an undivided one-forty-second (1/42) interest in certain enumerated property. The Judgment of Possession did not list the cemetery space. The judgment of possession decreed that all other persons having in their possession “other property depending upon or belonging to the succession” were required to deliver it to the heirs.
There is no evidence that the cemetery space included the concrete apron upon which the tomb was built and over which Haynes fell. The certificate of title and the judgment of possession did not specify the dimensions of the Lagattuta cemetery space and did not show who owned or maintained the concrete apron. No testimony was presented on that issue. There is no evidence that Kolwe had ownership, control or garde of the apron.
Because there was no evidence that Kolwe owned or controlled the concrete apron, there was no basis to find that Kolwe owed Haynes a duty and breached that duty.
Kolwe also argues that the tomb and concrete apron were not defective and did not present an unreasonable risk of harm because any danger was open and obvious. We hold that the evidence submitted on the default judgment was ^insufficient to establish a prima facie case that the tomb and apron presented an unreasonable risk of harm.
A report by Wilfred G. Gallardo of P & W Safety Consultants states that the apron was seven and a half inches higher than the walkway. Gallardo concluded that “the blending-in camouflage effect of the non highlighted concrete slab and the aisle/passageway/pedestrian walkway created an extremely dangerous trip and fall hazard/unreasonable risk *502 of harm.... ” Gallardo was not qualified as an expert.
To determine whether a thing presents an unreasonable risk of harm, the court and/or jury must balance the claims and interests of the parties, weigh the risks and gravity of the harm, and consider the individual and societal rights and obligations. Wilson v. City of New Orleans, 693 So.2d at 347. The utility of the thing must be balanced against the likelihood and magnitude of the risk and social, economic, and moral factors. Id., quoting Hebert v. Southwest Louisiana Electric Membership Corp., 95-405 (La.App. 3 Cir. 12/27/95), 667 So.2d 1148, 1160, writ den. 96-0277 (La.5/17/96), 673 So.2d 607 and writ den. 96-0798 (La.5/17/96), 673 So.2d 608.
- Pictures in evidence depict the tomb atop the raised concrete slab (apron). There was no crack or hole in the cement. The apron and abutting walkway were stone-colored. The Lagattuta tomb was grey. Although the walkway and apron appeared to be the same color cement, the change in elevation of the apron is obvious. Haynes testified that she was “looking straight” when she attempted to turn the corner of the aisle and tripped oyer the curb.
Considering the pictures, the absence of a .crack or break in the tomb or apron, the relatively large and obvious change in elevation, and Haynes’ testimony that she was looking straight ahead when she fell, we hold that Haynes did not |6establish by prima facie evidence that the tomb and apron contained a defect or presented unreasonable risk of harm.
Accordingly, we vacate the default judgment and remand, for further proceedings. We pretermit the remaining issues.
JUDGMENT VACATED; REMANDED.

. La.C.C. art. 2317.1, added by Acts 1996, 1st Ex.Sess., No. 1 § 1, eff. April 16, 1996, introduced reasonable care into the analysis of liability under Art. 2317. The amendment was substantive and is not retroactive. Warren v. Campagna, 96-0834, p. 4, n. 4 (La.App. 4 Cir. 12/27/96), 686 So.2d 969, 978 n. 4.